## LA CANIN v. AUTOMOBILE INS. CO. OF HARTFORD et al.

Civil No. 2170.

District Court, E. D. New York.

Dec. 18, 1941.

Abraham Lehman and Henry C. Lehman, both of Brooklyn, N. Y., for plaintiff.

Powers, Kaplan & Berger, of New York City (Samuel A. Berger and Irwin Leibowitz, both of New York City, of counsel), for defendant Automobile Ins. Co., of Hartford.

MOSCOWITZ, District Judge.

This is a motion requiring the defendant, The Automobile Insurance Company of Hartford, to furnish the plaintiff with a bill of particulars of its defense setting forth the following items:

"1. State whether or not defendant will claim upon the trial of this action that the policy sued upon is void because of fraud or misrepresentation by the insured, as set forth in lines '1' to '6' of said policy, and if so, specify the particular provision or provisions of said policy upon which defendant will rely.

"2. State whether or not defendant will claim upon the trial of this action that the loss was caused by a hazard or hazards not covered by the policy sued on, as provided in lines '12' to '19' thereof, and if so, state the particular hazard or hazards by which it will be claimed the fire was caused.

"3. State whether or not the defendant will claim upon the trial of this action that the policy sued on is void because of change of ownership, as provided in lines '20' to '31' thereof, and if so, state the particular change or changes in ownership upon which the defendant will rely.

"4. State whether or not defendant will claim upon the trial of this action, that the defendant is not liable for the loss because of the existence of any of the conditions set forth in lines '32' to '61' of the policy sued on, and if so, state the particular condition or conditions upon which defendant will rely.

"5. State whether or not the defendant will claim upon the trial of this action that it is not liable because of the existence of a chattel mortgage upon the property insured, as provided in lines '62' to '67' of the policy sued on, and if so, specify the property which, it will be claimed, was incumbered with a chattel mortgage.

"6. State whether or not the defendant will claim upon the trial of this action, that the plaintiff has rendered void or forfeited her rights under the policy sued on, or has failed to perform any conditions precedent, required to be performed by her, other than as set forth under the foregoing items and the first and second affirmative defenses, and if so, state the particular provisions of the policy under which it is claimed that such avoidance or forfeiture occurred, or the particular conditions precedent which, it is claimed, were not performed."

"Or, in the alternative, directing the attorneys for the respective parties to appear before the Court for a further pre-trial conference."

■ The motion for the bill of particulars is denied as issue has been joined. See Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ There has been one pre-trial conference in this case which was concluded. That fact does not prevent another pre-trial conference. Motion for a further pre-trial conference is granted.

This is an action to recover upon a policy of fire insurance. Two questions are now presented to the Court on this pre-trial hearing, the first involving a determination of whether the defendant insurance company should be compelled to disclose what, if any, conditions of the policy it will claim were breached, and the second raising the issue of date of issuance of the policy.

Plaintiff's complaint alleges due performance of all conditions and that the fire did not occur from any of the excepted causes. These allegations the defendant has denied. On this pre-trial hearing, plaintiff desires defendant to disclose what conditions it will claim were breached, upon what excepted causes it intends to rely, etc. In short, plaintiff asks to have determined the real issues of the case. Defendant on the other hand urges that to grant plaintiff's request would involve, in effect, the shifting of plaintiff's burden of proof.

An examination of the New York Standard Fire Insurance Policy discloses that it is replete with numerous conditions, the burden of proof as to which it may be admitted rests upon the plaintiff. To meet this burden, plaintiff will of course have to produce some evidence. What she desires to know at this time, however, is how much evidence. If defendant intends to make no claim that certain conditions were breached or that certain excepted causes of fire had applicability, then it is a waste of plaintiff's time and expense to compel her to prepare elaborate proof on these points only to find at the trial that the issue upon which she prepared so extensively was not a real one.

■ Rule 16 of the Rules of Civil Procedure provides that the Court may hold a pre-trial hearing for the purpose of considering, among other things, the simplification of the issues and such other matters as may aid in the disposition of the action. The purpose of pre-trial procedure has been well stated, Holtzoff, New Federal Procedure and the Courts, at page 55, as follows: "Pre-trial procedure is thus pregnant with possibilities from the standpoint of eliminating unnecessary waste of time and expense at the trial and thereby not only speeding a determination of individual cases, but expediting the progress of clogged and congested dockets by shortening the time consumed by trials." If justice is to be speedy, efficient and inexpensive, justice requires that a party be relieved of the necessity of elaborate preparation upon non-existent issues. Merely because the law places the burden of proof upon one party with respect to a certain issue is no reason for concluding that the other party cannot be asked whether he seriously intends to raise that issue.

■ In directing defendant to set forth the real issues which it presently intends to raise, it is not intended to prevent it from hereafter raising a point based upon new

disclosures or new evidence. The defendant will be required to disclose only those issues which it presently proposes to litigate, but it shall be without prejudice to its right to raise any additional issues which it first learns to be available hereafter.

The second question (which is new concerning which no authorities in point have been cited) raised at this time is whether the policy is to be regarded as "issued" for purposes of determining the applicability of Section 172 of the New York Insurance Law, Consol. Laws, c., at the time it was first written or at the time when its amount was increased and coverage substantially altered. Section 172 provides as follows: "The failure of any person insured against loss or damage to property under any contract of insurance, hereafter issued or delivered in this state or covering property located in this state, to furnish proofs of loss to the insurer or insurers as specified in such contract shall not be deemed to invalidate or diminish any claim of such person under such contract, unless such insurer or insurers shall, after such loss or damage, give to such person insured a written notice that it or they desire proofs of loss to be furnished by such person to such insurer or insurers and also a suitable blank form or forms for such proofs of loss. If the person insured shall furnish proofs of loss within sixty days after the receipt of such notice and such form or forms, or within any longer period of time specified in such notice, such person shall be deemed to have complied with the provisions of such contract of insurance relating to the time within which proofs of loss are required. Neither the giving of such notice nor the furnishing of such blank form or forms by the insurer shall constitute a waiver of any stipulation or condition of such contract, or an admission of liability thereunder." Section 172 was enacted on June 15, 1939, as part of a comprehensive revision of the New York Insurance Law, and was effective January 1, 1940.

The present policy was originally written on November 24, 1939, for a term commencing December 15, 1939, and running until December 15, 1940. The amount of insurance was in the total sum of $7,600 of which $5,200 was on the dwelling, $1,200 on two garages and the balance of $1,200 on personal property. Loss was payable to Ernest Geyer as mortgagee. On or about January 8, 1940, an endorsement was attached to the policy increasing the total amount of insurance to $11,000 and amending the loss payable clause to make the balance payable to Frances E. Friedman as second mortgagee after payment of the first mortgagee. The term of the policy was described as being from January 8, 1940, to December 15, 1940. The $11,000 of coverage was divided as follows, $8,000 on the dwelling, $2,000 on personal and $100 on the garage "A".

When a policy is to be regarded as "issued", is not a question which can be determined in the abstract without regard to circumstances in which the term is used. A policy might be regarded as "issued" for certain purposes, but not as to others. A consideration of Section 172 leaves no doubt but that it was intended to be remedial and remove a technicality which often stood in the way of recovery on a policy. It was, as noted above, part of a comprehensive revision of the insurance law of the State of New York which received careful consideration. A remedial statute such as Section 172 should be broadly and liberally construed.

While the policy in question was first written prior to the effective date of the statute it was substantially altered subsequent thereto. In fact, $3,400 of the insurance was non-existent prior to the effective date. The coverage had, moreover, been so shifted about, that it would be difficult to ascertain which portion of the coverage arose from the November 24, 1939, document and which from the January 8, 1940, endorsement. Would it not be strange therefore to find that as to $3,400 of the coverage, however one might guess it to be allocated, the plaintiff could recover, but that as to the remaining $7,600, she could not because of failure to file certain proofs of loss. It seems reasonable to believe that it was the intention of Section 172 to embrace a situation such as this where, by reason of substantial alteration of the policy by an endorsement, it is to be regarded as "reissued".

Settle order on notice.