## BARRY v. READING CO.
### No. C–2414.

District Court, D. New Jersey.
Dec. 14, 1943.

Samuel Shapiro, of Newark, N. J., and Harry G. Fuerst, of Cleveland, Ohio, for plaintiff.

George Gildea, and Katzenbach, Gildea & Rudner, all of Trenton, N. J., for defendant.

FORMAN, District Judge.

This is a motion seeking to set aside the verdict of the jury in favor of the defendant and to obtain a new trial.

The action was brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and the Federal Safety Appliance Act, 45 U.S.C.A. § 1 et seq., by the widow of Ralph E. Barry, to recover damages from The Reading Company by reason of alleged negligence which caused Barry's death. The negligence alleged in the complaint consisted of the failure of the defendant railroad to properly equip one of its railroad cars, upon which Barry was required to ride in the performance of his employment as a brakeman for the defendant, with a safe handbrake, which negligence was the direct and proximate cause of injuries resulting in his death, and that by reason of this defective equipment defendant had failed to provide the plaintiff's decedent with a safe place to work.

At a pre-trial conference, plaintiff's counsel specifically stated that the facts in the case were not in dispute except as to whether the handbrake on the railroad car was defective and that this question was the only issue in the case, any others being immaterial. Counsel for the defendant concurred in this statement.

At the trial, in opening his case to the jury, plaintiff's counsel read, substantially, the complaint filed in the cause and stated that he expected to prove that the handbrake was defective. He made no statement that he would attempt to prove negligence on any other basis.

Requests to charge the jury were submitted by both sides and they were discussed before the charge to the jury was made, in accordance with the Federal Rules of Civil Procedure.[1] In his requests, and during the discussion of them, the only issue which was considered was that of the defective handbrake. Immediately following the charge of the court to the jury, plaintiff's counsel asked the court to charge that the decedent was entitled to be provided with a reasonably safe place in which to perform his work. The court refused to so charge, stating that the issue involved in the case was whether the handbrake was ineffective and inefficient and that the jury had been told that there was an absolute duty on the part of the defendant to provide effective and efficient handbrakes on its railroad cars. Plaintiff's counsel took exception to this refusal to charge and it is this point that has been emphasized in this motion.

It is the contention of the plaintiff that negligence should have been charged for defendant's failure to provide the decedent with a reasonably safe place in which to work and that recovery for such negligence was possible under the Federal Employers' Liability Act even though there was no finding of an ineffective handbrake. The plaintiff relies on testimony of a fel-

---

[1] Rule 51, 28 U.S.C.A. following section 723c.

low-employee of the decedent, given at the trial to support this negligence. Plaintiff believes that this testimony shows negligence on the part of the defendant other than the alleged defective handbrake and argues that this issue was put before the court and the jury when counsel for the plaintiff read the complaint in its entirety at the opening of plaintiff's case.

Rule 16 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is worded as follows:

"Pre-Trial Procedure; Formulating Issues

"In any action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider (1) The simplification of the issues; * * *."

In the case of Geopulos v. Mandes, D. C., 35 F.Supp. 276, the court said: "It is well recognized that pre-trial proceedings are for the purpose, among other things, of simplifying the issues and eliminating those which are not relied upon." [2]

Exactly this was done in the pre-trial conference in this case, held on March 1, 1943, in the following colloquy between counsel and the court:

"The Court: What about interstate commerce in the case?

"Mr. Fuerst: That is admitted in the pleadings. The facts are not in dispute in this case except Mr. Gildea denies the fact there was a defective brake, which is the only issue in the case. That, of course, was covered fully by the depositions that were taken here in Trenton some weeks ago.

"The Court: The complaint alleges a defective hand brake.

"Mr. Fuerst: That is right.

"Mr. Gildea: That is the only issue.

"The Court: There is nothing we can do. Was it a defective hand brake?

"Mr. Gildea: Mr. Fuerst says it was and I say it was not.

"Mr. Fuerst: The proofs show that they have a circular wheel that didn't belong to this type of equipment. It was of a dish type, of a Georgia Railroad type, and it was a Pennsylvania equipment.

"The testimony in the deposition showed that that gave only fifty percent braking, testimony by the men who examined it and inspected it afterwards. * * *"

"Mr. Gildea: In other words, you are going to offer your depositions and rest?

"Mr. Fuerst: Unless you bring your people in. If you do we will examine them. We might offer the widow—we will have to do that.

"The Court: I suppose the death certificate will be offered.

"Mr. Gildea: There won't be any dispute about that.

"Mr. Fuerst: Mr. Gildea will stipulate that and he will stipulate she is the administratrix, and we will make the issue here the issue of the case, and any other issue is immaterial. * * *"

After the charge of the court, plaintiff took the following exceptions:

(1) "Mr. Fuerst: Plaintiff asks the court to instruct the jury that the plaintiff is entitled to a presumption that her husband was exercising all of his faculties in the performance of his work and was presumptively doing his work in a safe manner for the purpose of effectuating his employment and continuing his own life, in continuing to preserve his own life. I think there is a presumption of that character in the case of Schroeder v. B & O."

(2) "Mr. Fuerst: I ask the court to charge the jury that the plaintiff is entitled to be provided with a reasonably safe place to work as provided for under the Federal Employers' Liability Act. That is the second one."

(3) "Mr. Fuerst: The next ground is, we further request the court to charge that the plaintiff need not prove, nor does the jury have specifically to find that the brake wheel and/or the ratchet were defective in order to be entitled to recover, that if the brake was inefficient in any one of its parts, such as the brake wheels or the brake rigging, all parts put together failed to function when they were called upon to function, then under those circumstances the plaintiff is entitled to recover."

It is to be noted that at no point in this action was any issue introduced by the plaintiff other than the issue as to whether the handbrake was defective. Plaintiff does not base this motion on testimony at the trial which came as a surprise to her, but contends that the complaint contained

---

[2] See La Canin v. Automobile Ins. Co. of Hartford, D.C., 41 F.Supp. 1021; Nichols v. Sanborn Co., D.C., 24 F.Supp. 908.

allegations which set forth a cause of action for negligence and that, notwithstanding the statements made at the pre-trial conference and subsequent thereto, the plaintiff is entitled to a consideration of any other theory which she may contrive.

Plaintiff, on this theory, upon the motion for new trial, proceeds to argue that the court erred in failing to charge (1) that the jury had a right to draw all the reasonable inferences from the evidence in their inquiry to determine the cause of the decedent's injuries and resultant death, (2) that the evidence that the cars were not equipped with a coupler which operated satisfactorily was a violation of the Federal Safety Appliance Act, (3) that there is a presumption that the decedent exercised due care in the performance of his duty to set the brakes, and (4) that there is a presumption that the injury and the death of the decedent "was in line of duty".

During the trial the plaintiff had ample opportunity to seek an amendment to the complaint before the charge was made to the jury, if additional evidence, not theretofore known to her, was brought out to her surprise. The errors contended by the plaintiff, numbered (1), (3) and (4) above, were requests to charge which might have been appropriate if negligence under the Federal Employers' Liability Act, other than that of the alleged defective brake, was spelled out and in issue, but the plaintiff conceded from the very beginning that she was not seeking to recover under any other claim of negligence than a defective handbrake which was a violation of the Federal Safety Appliance Act. The error numbered (2) above might have been an appropriate charge if the plaintiff had not narrowed the issue of negligence and was prepared to prove that a defective coupler was a direct and proximate cause of decedent's injuries resulting in his death. To set aside the verdict of the jury and permit a new trial on the basis of the contentions of the plaintiff would be to completely nullify the purpose and effect of the Federal Rules of Civil Procedure with respect to pleadings and pre-trial procedure.

It is significant to point out that contributory negligence does not bar recovery under the Federal Employers' Liability Act, but that such contributory negligence would go to diminish the damages to which an employee would be entitled if he were not so contributorily negligent except that where the common carrier violates any statute enacted for the safety of employees, which violation contributed to the injury or death of such employee, contributory negligence by the employee would not diminish damages.[3] If there were any other issue of negligence, as now contended by the plaintiff, other than that which constituted a violation of the Federal Safety Appliance Act, it would have been improper to charge, as was done at the trial in this case, that contributory negligence on the part of the decedent would not diminish what the plaintiff was entitled to recover if it was found that the defendant violated the law and that the violation was the proximate contributing cause of the injury. The charge specifically stated that the defendant's obligation under the act was absolute and that the defendant's liability was entire without being subject to diminution of damages. The pertinent portions of the charge were as follows:

"This obligation the Safety Appliance Act imposes is an absolute and unqualified duty upon the defendant to equip and maintain hand brakes on cars in efficient condition at all times, and this rule is applicable to the cars of foreign railroads while being operated in the business of this defendant or hauled upon the Reading Company's tracks." * * *

"If you find by a preponderance of the evidence that the defendant violated the Federal Safety Appliance Act directly in proximately causing the injury and resulting death to the plaintiff's decedent,

---

[3] 45 U.S.C.A. § 53: "Contributory negligence; diminution of damages. In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: Provided, That no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee. Apr. 22, 1908, c. 149, § 3, 35 Stat. 66."

308

and if you further find by the greater weight of the evidence that this plaintiff's decedent was guilty of negligence contributing to cause his accident, such contributing negligence under the Federal Safety Appliance Act would not be a defense and the plaintiff would be entitled to a verdict without diminishment.

"The duty of the defendant under the Federal Safety Appliance Act is an absolute duty and the carrier is not excused by any showing of care and diligence on the part of its employees, no matter how painstaking. In other words, the railroad simply must have the kind of brake that we have explained to you on its cars, and even though it is careful about it and free from negligence in connection with the matter the fact that the brake is not there is what is the criterion under the law. The fact that the brake was inefficient or defective and the fact that the defendant company had no notice, for instance that the brake was inefficient does not relieve it from the obligation of the law.

"As I have tried to explain to you in this particular charge, the fact that there is contributory negligence, and this is a phase of contributory negligence that is controlled by the statute, if there was contributory negligence upon the part of Mr. Barry in the case, if you found that there was a violation of the Safety Appliance law in that the brake was defective or lacked efficiency, then that contributory negligence does not bar recovery, nor does it make for any diminishment of what the plaintiff is entitled to recover if there is a violation of the law and that violation is a proximate or proximate contributing cause of the injury."

Reference is made to this phase of the charge only to indicate that plaintiff's present complaints are rather complete after-thoughts never contemplated at seasonable times during the trial.

The importance of the result of this litigation to the plaintiff, who has lost the support of her husband, has prompted careful consideration of the points raised by the plaintiff. In the interest of serving substantial justice rather than standing on cold theories of rules of practice and procedure, searching analysis has been made of the actual requests to charge suggested by the plaintiff at the termination of the charge. The result does not justify any conclusion that the jury's verdict would have been different. The court is constrained to the view that the charge made to the jury was sufficient to cover all that plaintiff's counsel raised in the pleadings, the pre-trial stages of the case, the opening to the jury and the requests to charge, in spite of the formal reading of the complaint to the jury.

The motion to set aside the verdict of the jury and for a new trial is denied.