OPINION OF THE COURT
John R Tenney, J.
Plaintiff’s assignor had a fire on April 12,1980. On June 4, 1980, Canners Exchange sent a demand for a proof of loss and enclosed blank forms. The plaintiff completed the forms and forwarded them to the company. Subsequent proofs covering the business interruption portion of the policy were not filed until March of 1981.
The insurance company has rejected the business interruption claim because the proofs of loss were untimely filed. There is a clause in the business interruption indorsement of the policy which requires submission of a proof of loss within 60 days following the date of damage. Plaintiff concedes that it did not comply with that requirement. However, it contends the insurance company has not complied with section 172 of the Insurance Law which states in part that the failure to furnish such a proof of loss is not sufficient to invalidate the claim unless the insurer has given written notice that it desires such proof and furnishes a blank form for that purpose.
A claim for business interruption insurance is not easily or immediately determinable, but it is a property loss *940 which would be covered under section 172. The defendant argues that section 172 does not apply since it refers to damage, and a business interruption loss cannot be considered a property loss. However, section 172 is a remedial statute because it is designed to remove a technicality which could prevent recovery on a policy. (La Canin v Automobile Ins. Co. of Hartford, 41 F Supp 1021.) Therefore, it should be given the broadest interpretation. Business interruption insurance is designed to cover damages incurred because of the loss of use of property. Thus, it seems reasonable to construe section 172 as being applicable to this type of claim.
The forms for the proof of loss furnished by the defendant to the plaintiff do not contain any references to business loss or business interruption. However, the defendant argues that the policy provides that the plaintiff will satisfy its provisions, and that the proofs of loss furnished were sufficient.
Canners Exchange did not ask the plaintiff to specifically furnish information with reference to its business interruption loss. Paragraph 8 of the indorsement of the policy states that the insured shall provide information with reference to “the actual amount of business interruption value and loss claimed, accompanied by detailed exhibits of all values, costs and estimates upon which such amounts are based”.
The proofs of loss sent to the insured did not solicit this type of information. There is no real precedent for determining the nature of the proof of loss form which the company is required to furnish. However, the proof of loss of a business use requires information that is substantially different than the normal information required from an insured in the ordinary fire loss claim. The plaintiff in this case has complied by supplying the information requested by the forms furnished by the defendant. The business loss information was furnished at a later date. The defendant contends that it should have been furnished business interruption information at the same time.
The court finds that the insured substantially performed its obligation and has co-operated with the insurer. (See Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. *941 Underwriting Assn., 76 AD2d 759, affd 53 NY2d 835.) There is no indication that the insured has willfully refused to comply, and there is no reason to grant summary judgment.
Therefore, defendant’s motion for summary judgment on the second cause of action is denied.