MARIA BORGES *vs.* MICHAEL O'LEARY & another.

Middlesex.    March 10, 1925. — April 16, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Bills and Notes*, Payment. *Husband and Wife*. *Evidence*, Presumptions and burden of proof.

At the trial of an action against a husband and wife as makers of a promissory note, one of the defendants contended and offered evidence tending to show that the full amount of the note had been paid to the plaintiff's husband, who had died before the trial. This evidence was controverted. It appeared that before the trial the note had been in the possession of the defendants. The plaintiff introduced evidence tending to show that the note had been delivered to the defendants' attorney at his request to "check it up"; that afterwards, being asked for its return, the attorney said that he had mailed it to the woman defendant, and said, "Go to her and ask her for it." The attorney did not testify. There was a verdict for the plaintiff. *Held*, that

(1) While it is true that when a promissory note comes into the possession of the maker such possession unexplained is *prima facie* evidence of payment by him, that evidence, however, may be controlled by other material evidence;

(2) There was nothing to warrant a finding that the plaintiff regained possession of the note by fraud or other improper means;

(3) It was proper to refuse to rule, "The possession of a note by the maker of it is some evidence of its payment and if the jury find that the plaintiff has by fraud or other improper means obtained the mortgage note in question from the defendant after the defendant had paid it, then the jury may find that that note would be the property of the defendant."

CONTRACT upon a promissory note in the sum of $2,900, dated November 11, 1912, made by the defendants Michael and Mary O'Leary and payable to the plaintiff.   Writ dated July 8, 1922.

In the Superior Court, the action was tried before *Greenhalge,* J.   Material evidence and rulings by the trial judge are described in the opinion.   There was a verdict for the plaintiff in the sum of $4,077.   The defendants alleged exceptions.

*J. H. Hurley,* for the defendants.

*G. F. McKelleget,* for the plaintiff.

CROSBY, J.   This is an action to recover the balance due upon a promissory note, made by the defendants and payable to the order of the plaintiff.   The note is dated November 11, 1912, for the sum of $2,900.   The defendants are husband and wife.   On or about the date of the note they purchased from the plaintiff a parcel of real estate, the purchase price being $7,500.   The terms of sale provided that the defendants should assume a mortgage for $2,600, pay $500 in cash, and be credited with $1,500 representing five years' rent of a small building on the premises sold, which was to be occupied by the plaintiff's husband and by a club; the balance was to be paid by giving a note for $2,900 secured by a mortgage on the real estate so sold.   Although on the margin of the note it is recited that it is secured by a mortgage of real estate, no mortgage in fact was given.

The defendants contended at the trial and offered evidence to show that the full amount of the note had been paid to the plaintiff's husband.   The plaintiff testified that nothing had been paid on the principal except the first instalment of $200, and that no interest was paid after November 11, 1915.   She further testified that she never authorized her husband to

collect any payments on the note except those for which she gave to him receipts to be delivered to the defendants. The plaintiff's husband died on June 20, 1922. Mrs. O'Leary testified that after paying the note in full she made demand upon the plaintiff's husband for its return and that it was thereafter delivered to her. The plaintiff testified that in April, 1922, she delivered the note to her husband for the purpose of having him take it to the defendants' counsel, as the latter could not find any record of a mortgage securing the payment of the note; that he "wanted the note so as to check it up." She further testified that on July 6, 1922, she went to the house of the defendants' counsel, Mr. Hurley, and asked him for her note; that he said to her, "I mailed that note to Mrs. O'Leary. Go to her and ask her for it"; that the next day she saw Mrs. O'Leary and told her that Mr. Hurley had sent her for the note, and that the note was then handed to her. The record shows that Mr. Hurley did not testify at the trial.

The only exception is to the refusal of the trial judge to give the defendants' fourth request, namely, "The possession of a note by the maker of it is some evidence of its payment and if the jury find that the plaintiff has by fraud or other improper means obtained the mortgage note in question from the defendant after the defendant had paid it, then the jury may find that that note would be the property of the defendant."

When a promissory note comes into the possession of the maker such possession unexplained is *prima facie* evidence of payment by him. *M'Gee* v. *Prouty,* 9 Met. 547. *Heald* v. *Davis,* 11 Cush. 318. That evidence, however, may be controlled by other material evidence. *Parks* v. *Smith,* 155 Mass. 26, 31. *Chandler* v. *Prince,* 217 Mass. 451, 456.

If, as the plaintiff testified and the jury could have found, she by her husband and agent delivered the note to the defendants' counsel at his request for inspection, and he thereafter, without authority, delivered it to the defendants, possession obtained by such unauthorized act would not be evidence that the note had been paid. There was nothing to warrant a finding that the plaintiff regained possession of

the note by fraud or other improper means.   Accordingly the fourth request was rightly denied.

The case was submitted to the jury upon appropriate instructions by which they were to determine whether the note had been paid to the plaintiff or to any person authorized to accept payment for her.   It results that the entry must be

*Exceptions overruled.*