PAUL J. ECKSTEIN *vs.* JOHN SCOFFI & another.

Suffolk.    February 11, 1938. — March 1, 1938.

Present: RUGG, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Negligence,* Employer's liability: unfit appliances. *Contract,* Of employ-
    ment. *Practice, Civil,* Pre-trial report. *Joint Tortfeasors.*

A finding of negligence of the employer of a baker whose hands were
    injured by using a rough and splintery shovel was warranted by evi-
    dence that such condition of the shovel developed after the beginning

of the employment and that the employer, upon the employee's complaining of such condition several weeks before the injury, promised to provide a new shovel immediately but failed to do so.

Evidence warranted a finding that the son of the proprietor of a bakery became a coöwner of the business before an employee sustained injury through an unfit appliance.

In an action by an employee against two alleged to be his employers, a statement in a pre-trial report that the "plaintiff claims that he was employed by both defendants," with a concession by the defendants that he was employed by one of them, did not show an agreement by the plaintiff that he should not recover unless he proved both defendants liable.

In an action against two alleged joint tortfeasors, the plaintiff may have judgment against one found liable though the other be found not liable.

TORT, originally against John Scoffi, and by amendment against Salva Scoffi also. Writ in the Superior Court dated March 24, 1933.

The plaintiff's declaration, as amended, alleged his employment by, and injury through negligent conduct of, the "defendants."

A verdict for the defendants was ordered by *Donahue*, J. The plaintiff alleged exceptions.

*H. Snyder*, for the plaintiff.

*S. Zion*, for the defendant.

RUGG, C.J. This is an action of tort by an employee against his employers to recover compensation for personal injuries sustained by him by reason of their negligence. The action is at common law. It arose in 1932 or 1933. The pertinent facts are these as shown by the exceptions: The defendants were not insured under the workmen's compensation act. The plaintiff was employed as a baker in East Boston by the defendant John Scoffi, beginning in June, 1932. His duties comprised the firing or starting of the oven and the making of various articles of food. The plaintiff worked downstairs alone in a sub-basement with an oven. The bakery store was upstairs. For the first few weeks John Scoffi came to the bakery every morning and then he told the plaintiff that his son, Salva Scoffi, "who had just graduated from high school, would now be in the store as well." Thereafter John Scoffi came about twice a week to the bakery, and would deliver whatever the plain-

tiff had ordered for supplies. Salva Scoffi was about eighteen years of age; he would usually be there at noon time to relieve his aunt who was upstairs in the store. In firing the oven it was necessary for the plaintiff to use a long shovel. The one furnished him consisted of a long pole with an iron shovel and a wooden handle. It was in good condition until December, 1932. Through use it came to be rough and splintery and dangerous to use. The plaintiff spoke to John Scoffi about its condition, and the latter said he would get a new one right away. The plaintiff repeated his complaints several times, but continued to work in reliance upon promises to furnish a new shovel. There was evidence tending to show that after the lapse of several weeks splinters from the shovel injured the hands of the plaintiff; he suffered great pain, was disabled from work, and was under the care of a doctor for seven weeks. The plaintiff was paid his wages up to the time he was hurt. There was conversation with John Scoffi about compensation for the plaintiff's injuries and he was told to go home, to take care of his hands, to come back to work when he was better, and that he (John Scoffi) would "fix it up." When the plaintiff was ready to return to work, he saw Salva Scoffi, who said that they intended to keep the baker they had. When the plaintiff asked about compensation for the injuries to his hands, Salva Scoffi replied that he must see his father, John Scoffi.

Since the defendants were not insured under the workmen's compensation act, the defence of assumption of risk by the plaintiff was not open to them. *Cronan* v. *Armitage,* 285 Mass. 520, 524, 527. It is too plain for discussion that there was ample evidence that the plaintiff was in the employ of John Scoffi. *White* v. *Newborg,* 208 Mass. 279. It was the duty of the defendants to furnish to the plaintiff safe tools with which to do his work. *O'Toole* v. *Pruyn,* 201 Mass. 126. *Haley* v. *Lombard,* 207 Mass. 545. It might have been found that there was an express promise to furnish a suitable shovel when notice of the defects of the one in use was given. *Wood* v. *Danas,* 230 Mass. 587. *Jellow* v. *Fore River Ship Building Co.* 201 Mass. 464.

The evidence tending to support the contention that Salva Scoffi was responsible for the business was rather slender. But we think it could not rightly have been ruled as matter of law that he could not be held liable. The statement of John Scoffi that his son Salva "would now be in the store," together with the narration already given of what the latter did in connection with the business and the fact that he occasionally paid the plaintiff, tended to show a relation of ownership in the bakery.

A pre-trial report is printed in the record. *Fanciullo* v. *B. G. & S. Theatre Corp.* 297 Mass. 44, 49–51. *Capano* v. *Melchionno*, 297 Mass. 1, 14. Its terms, so far as here material, are these: "Concessions or admissions: The defendant concedes that the plaintiff was employed by one of the defendants. The plaintiff claims that he was employed by both defendants." The contention of the defendants that this means that the plaintiff agreed to prove liability of both defendants or to fail wholly in his action is untenable. The pre-trial report rightly construed contained no such concession on the part of the plaintiff. It was said by Chief Justice Shaw in *Buddington* v. *Shearer*, 22 Pick. 427, 429: "It is a familiar rule of law, that in cases of tort, where two or more are liable to an action, they are liable jointly and severally; and therefore if one is sued alone, it is no ground of abatement that others, who are liable, are not sued. And if two or more are sued, a verdict may be rendered against one and in favor of others; and on such a verdict, judgment may be rendered against the one. Of course, therefore, although a joint liability is averred, it need not be proved." *Proctor* v. *Dillon*, 235 Mass. 538, 549. The pre-trial report was in conformity to that principle and a correct statement of the issues raised by the pleadings. They were clear and concise. The direction of a verdict in favor of the defendants was error.

*Exceptions sustained.*