EDWARD KLEM & others *vs.* COMMONWEALTH.

Worcester.    September 27, 1938. — October 26, 1938.

Present: FIELD, C.J., DONAHUE, QUA, & COX, JJ.

*Practice, Civil*, Petition for assessment of land damages, Requests, rulings and instructions. *Pleading, Civil*, Petition. *Evidence*, Admissions.

By the allegations of a petition for assessment of damages for alleged diversion of waters of wells and a brook in construction work of the metropolitan district water supply commission under St. 1927, c. 321, the petitioner admitted that the injury suffered was caused by duly authorized acts of the commission, and requests in that proceeding for rulings in substance that the acts were unauthorized properly were refused.

PETITION, filed in the Superior Court on July 14, 1936.

Before *Baker*, J., there was a verdict for the respondent. The petitioners alleged exceptions.

*H. J. Meleski*, (*F. Hurley* with him,) for the petitioners.

*J. S. Derham*, Assistant Attorney General, (*J. J. Kelleher*, Assistant Attorney General, with him,) for the Commonwealth.

Cox, J. This is a petition, described in the petitioners' bill of exceptions as one "for the assessment of damages" for an alleged diversion on and after September 15, 1935,

of water from two wells and a brook, which, it is contended, was caused by the construction by the Metropolitan District Water Supply Commission of a tunnel "in conjunction with other work done for the purpose of securing additional water supply for the metropolitan water system, as provided by St. 1927, c. 321." The jury found for the Commonwealth. The petitioners Edward Klem and Nellie F. Klem, hereinafter referred to as the Klems, occupied the premises from which the water is alleged to have been diverted, from July, 1934, under a lease that was cancelled in November, 1935, when a new lease was executed that contained an option permitting them to purchase the property. They exercised this option on May 9, 1936. The other petitioners are the mortgagees named in the mortgage of the premises. See G. L. (Ter. Ed.) c. 79, §§ 32, 33. They were admitted as parties on motion of the Klems. The tunnel in question is four hundred eight feet below the surface of the ground and located about one half mile from the premises of the Klems. There are "permanent fixed openings" in the tunnel which permit the daily flow into it of water from the land surrounding the tunnel. It crosses beneath Moose Brook, which runs along the Klems' pasture and is used by them to water their cattle. The evidence was in conflict whether the water in the wells or brook was affected by the construction of the tunnel. The trial judge instructed the jury that the question was whether water had been diverted from the farm as a result of the construction of the tunnel, and, if it had, then the damages were to be assessed under the provision of "this legislation, which provides that any diversion of water from any of the land into this tunnel" would give rise to a right to damages.

The petitioners excepted to the refusal of the judge to give certain requests for rulings. These requests, in effect, seek to raise the question that the construction of the tunnel with fixed openings was unauthorized, and that St. 1926, c. 375, and St. 1927, c. 321, did not permit the taking of water by percolation. St. 1927, c. 321, under the provisions of which the tunnel was constructed, provides in § 4, among

other things, that all takings under this act of property or rights in property, and all proceedings in relation to, or growing out of, such takings, shall conform to the provisions of chapter 79 of the General Laws (now G. L. [Ter. Ed.] c. 79), except in certain particulars which are not here material. See St. 1926, c. 375, § 5. Where the Legislature authorizes the taking of land or rights for a public use, and the taking is in accordance with the statute, and a plain and adequate remedy is provided for compensation, that remedy is exclusive. *Lancy* v. *Boston*, 185 Mass. 219, 221. The statutory remedy, however, is not proper to recover damages caused by unauthorized work. *Peabody* v. *Boston & Providence Railroad*, 181 Mass. 76, 82. *Belkus* v. *Brockton*, 282 Mass. 285, 287. See *Hittinger Fruit Co.* v. *Cambridge*, 218 Mass. 220, 224. By the allegations in their petition the petitioners have admitted for the purposes of this proceeding that the injury suffered was caused by duly authorized acts of the commission. *Pinkham* v. *Chelmsford*, 109 Mass. 225, 228, 229. *Murray* v. *County of Norfolk*, 149 Mass. 328, 329. *Barnes* v. *Springfield*, 268 Mass. 497, 503. *Barnes* v. *Peck*, 283 Mass. 618, 622.

It follows that it was not open to the petitioners under their petition to recover damages alleged to have been caused by unauthorized acts of the commission. The requests for rulings were not applicable to the issue that was tried, and there was no error in the refusal to give them.

*Exceptions overruled.*