R. DUNKEL, INC. *vs.* V. BARLETTA CO.

RUDOLPH DUNKEL *vs.* SAME.

EVA L. AVERILL *vs.* SAME.

Suffolk.    October 4, 1938. — December 28, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Practice, Civil,* Pre-trial report, Requests, rulings and instructions. *Negligence,* In construction of conduit for water, Obstruction of watercourse. *Watercourse.*

At the trial of an action for damage caused by acts of the defendant in the construction, under a contract with a city, of a conduit to receive the flow from a brook in a culvert under premises of the plaintiff, the plaintiff was bound by an agreement set forth in a pre-trial report that the issue was whether the damage caused him "was the result of the negligent performance of the contract by the defendant"; and requests by the plaintiff for rulings in substance that to recover it was not necessary to prove negligence of the defendant properly were refused.

A contractor, constructing for a city an extension of a culvert through which a brook flowed, was not as a matter of law guilty of negligence by the mere obstruction of the flow in the course of his work so that water backed up the culvert and damaged property in a heavy rainfall, where it did not appear that the obstruction was not a necessary

incident to proper performance of the contract: whether there was negligence on the part of the defendant was a question for the jury.

A request for a ruling that assumed a fact of which there was no evidence properly was denied.

An exception to a refusal to give in terms a request for a ruling which was covered by the charge, and which sought a ruling upon a part only of the facts of which there was evidence, was overruled.

THREE ACTIONS OF TORT. Writs in the Superior Court dated February 13, 1933.

The actions were tried together before *Greenhalge*, J.

*E. L. Ryerson*, for the plaintiffs.

*G. I. Cohen*, for the defendant.

DOLAN, J. These are three actions of tort to recover damages for injuries occasioned to property of the plaintiffs by flowing water, and alleged to have been caused by the negligence of the defendant. The cases were tried to a jury which rendered a verdict for the defendant in each case. The exceptions are identical in each case, and are to the refusal of the judge to instruct the jury in accordance with the plaintiffs' requests numbered 1, 2, 3, 4, 5, 6, 8 and 9.

There was evidence tending to show that the plaintiff Dunkel owned certain premises consisting of store buildings, including a basement, located in the Roslindale district of Boston. The plaintiffs R. Dunkel, Inc., and Averill were tenants of the premises, occupying stores on the premises and the basement. A brook, known as Roslindale Brook, flowed through a culvert in the basement of the premises and was covered by slabs of stone. The floor of the basement was slightly above the bed of the brook, but was "considerably below the top of the culvert." For some distance above and below the premises, the brook was covered. On July 27, 1932, a heavy but not unusual thunder storm occurred, during which rain fell, and water began to flow over the top of the culvert through the spaces between the stone slabs, and ran into the basement of the premises involved, causing damage thereto and to personal property of the plaintiffs R. Dunkel, Inc., and Averill that was in the basement. The damage was caused by some obstruction which prevented the natural flow of the brook and, as a result, the water backed up and overflowed the culvert.

The defendant had entered into a contract with the city of Boston whereby the defendant agreed to construct a conduit to convey the waters of the brook. The construction was authorized by the Legislature. The conduit was to be a continuation of the culvert from its end below the premises of the plaintiff Dunkel. A few days before the injury complained of, construction was being carried on near the lower end of the culvert, and some forms for use in pouring concrete had been erected "pretty well up to" the opening, and under the forms were bars or other objects to brace them. "Right in front of" the culvert opening there was a small cofferdam, and across the opening were boards, six inches wide and one inch thick, which had been placed there to reinforce the mouth of the "tunnel" during the course of construction of the conduit. There was evidence, also, from which the jury could have found that the flooding of the plaintiff's premises was due to the obstruction of the flow of the brook by the erection of the form boards and cofferdam by the defendant, and that if the flow of the brook had not been so obstructed no damage would have accrued to the plaintiffs.

The plaintiffs' requests numbered 1 to 5 inclusive were denied by the trial judge on the ground that, by the terms of the pre-trial report, the plaintiffs were precluded from recovering except for injury caused by the defendant's negligence. The pre-trial report was made a part of the record. In that report under the heading of "Concession or Admissions," there is stated the existence of the written contract between the defendant and the city of Boston, the agreement of the defendant to produce the contract at the trial, the fact that the defendant began the performance of the contract, and the conclusion that "The issue to be tried is whether or not any damage caused the plaintiffs was the result of the negligent performance of the contract by the defendant."

The parties are bound by the issue established by the pre-trial report. *Fanciullo* v. *B. G. & S. Theatre Corp.* 297 Mass. 44, 51. *Capano* v. *Melchionno,* 297 Mass. 1, 15. See also *Eckstein* v. *Scoffi,* 299 Mass. 573. The declaration in

each of the three cases and the specifications in the case of the plaintiff Averill allege negligence on the part of the defendant in the performance of its contract as the cause of the injury suffered by the plaintiffs. Their asserted right of recovery is plainly based upon such negligence. The stipulation in the pre-trial report was consistent with the plaintiffs' allegations. There is nothing in the record to indicate that the cases were not tried in accordance with the pretrial report, and it must be considered that the defendant's negligence was the only issue open to the plaintiffs. *Silver* v. *Cushner*, 300 Mass. 583, 585.

In requests numbered 3 and 4 the plaintiffs asked for instructions that it was not necessary to prove negligence on the part of the defendant in order to recover. These requests were inapplicable under the agreement contained in the pre-trial report, and were properly denied. The requests numbered 1, 2 and 5 were to the effect that the mere creating by the defendant of an obstruction to the flow of the brook, which caused the injury suffered by the plaintiffs, would entitle the plaintiffs to recover, even though the defendant acted lawfully and the damage was the result of a public improvement constructed with skill and care. If these requests be construed to assert a right to recover irrespective of negligence on the defendant's part, their denial was correct in view of the agreement in the pre-trial report. The plaintiffs, however, contend that these requests related to the issue of negligence, and argue that the creation of an obstruction which caused the overflowing, of itself constituted negligence. There is nothing in the record to show that obstruction of the flow of water was not a necessary incident to the proper performance of the contract to construct the conduit. From all that appears the work could not have been done otherwise. In such case the defendant would not be answerable unless the erection of the obstruction was performed in a careless and negligent manner. *Klem* v. *Commonwealth*, 301 Mass. 340, 341, and cases cited. Whether that work was done in a negligent manner was a question of fact for the jury. The argument of the plaintiffs that these requests state a sit-

uation which in itself constitutes negligence ignores the possibility, before referred to, that the acts of the defendant were required in the performance of its contract, and that in such case the remedy of the plaintiffs would be confined to the means provided in the statute authorizing the construction of the conduit. *Lancy* v. *Boston,* 185 Mass. 219, 220. *Klem* v. *Commonwealth,* 301 Mass. 340, 342. "Whether one has been guilty of negligence is commonly a question of fact." *Ashapa* v. *Reed,* 280 Mass. 514, 517. The requests numbered 1, 2 and 5 were properly denied.

Request numbered 6 was for an instruction that if the jury found that the defendant in constructing the conduit, although acting in the honest exercise of its discretion, narrowed the space for the passage of the water so that "in times of a freshet or abnormal flow of water, it was set back upon the private property of the plaintiff and caused damage thereto, the plaintiff is entitled to recover." There is no evidence in the record upon which the jury could have found that the flow of water was abnormal or sufficient to constitute a freshet. The denial of this request was correct, since it was based upon an assumption of facts the finding of which would not be supported by the evidence. *Griffin* v. *Dearborn,* 210 Mass. 308, 313. *Cereghino* v. *Giannone,* 247 Mass. 319, 323. *Borges* v. *O'Leary,* 252 Mass. 113, 115. *Poorvu* v. *Weisberg,* 286 Mass. 526, 540.

Requests numbered 8 and 9 were to the effect that the placing of obstructions against the opening of the culvert so as to reduce materially the space for the passage of water would constitute negligence and that the failure to remove the obstructions when it was apparent that there would be a heavy flow of water would also constitute negligence. We think that it was not error to deny these requests. The judge instructed the jury that, if they found that structures had been placed at or near the opening by the defendant, and that they were negligently placed there, and they contributed to cause the overflow and the damage, the plaintiffs would be entitled to recover. The requested instructions were given in substance. *Squires* v. *Fraska,* 301 Mass. 474, 476, and cases cited. The judge was not required to

instruct the jury that certain facts of which there was evidence would or would not constitute negligence, apart from other facts of which there was also evidence. "The extent to which a judge shall discuss the evidence or the subsidiary facts is generally within his discretion." *Barnes* v. *Berkshire Street Railway,* 281 Mass. 47, 51. *Commonwealth* v. *Polian,* 288 Mass. 494, 499, and cases cited.

*Exceptions overruled.*