## GEOPULOS v. MANDES.
### No. 68012.

District Court of the United States for the District of Columbia.

Jan. 11, 1941.

Max Tendler, of Washington, D. C., for plaintiff.

James Shenos, of Washington, D. C., for defendant.

LAWS, Associate Justice.

I see no sound reason for granting the motion of defendant for a rehearing of the plaintiff's motion (filed November 27, 1940) to vacate the order of court filed October 17, 1940. None of the points set forth in the motion for rehearing raises a question which heretofore has not been carefully considered.

When this suit was filed, a motion to dismiss the complaint was filed by the defendant, based upon a claim of laches. This motion was sustained, with leave to the plaintiff to amend. The plaintiff thereafter amended, whereupon the defendant filed a second motion to dismiss, also based on the claim of laches. This motion was overruled, the defendant being granted ten days in which to file his answer. The defendant thereupon filed an answer, in which he sought to set up the defense of laches, basing his defense upon the claim, which had been made in his second motion to dismiss, that more than three years had elapsed since the dissolution of the partnership and the filing of this suit. It was in this state of the record that the case came on for pre-trial hearing.

At the time of the pre-trial proceedings, the parties stipulated an equal partnership, which had been dissolved as of February 20, 1935; and upon this stipulation, the cause by consent was referred to the auditor to state an account between the partners. It is well recognized that pre-trial proceedings are for the purpose, among other things, of simplifying the issues and eliminating those which are not relied upon. Rule 16, New Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Stipulations at pre-trial are

binding upon the parties, and, as stated in the pre-trial order itself, the subsequent course of the action is to be governed by the stipulations "unless modified by the Court to prevent manifest injustice." Fanciullo v. B. G. & S. Theatre Corp., 1937, 297 Mass. 44, 8 N.E.2d 174.; Gurman v. Stowe-Woodward, Inc., 1939, 302 Mass. 442, 19 N.E.2d 717; Capano v. Melchionno, 1937, 297 Mass. 1, 7 N.E.2d 593; R. Dunker, Inc. v. V. Barletta Co., 1938, 302 Mass. 7, 18 N.E.2d 377; Silver v. Cushner, 1938, 300 Mass. 583, 16 N.E.2d 27; Eckstein v. Scuffi, 1938, 299 Mass. 573, 13 N.E.2d 436; and Finegan v. Prudential Ins. Co., 1938, 14 N.E.2d 172, 116 A.L.R. 535.

While the defense of laches was not expressly waived in this case, yet there would be no occasion to state the accounts between the parties, at considerable cost to the plaintiff, if this defense, made in the answer in a form which had been overruled upon hearing of the motion to dismiss the amended complaint, was to be relied upon. It therefore seems the plaintiff was justified in believing it was waived. After reference to the auditor and a hearing by him, a finding was made in favor of the plaintiff against the defendant in the sum of $202.50, and a schedule of some fixtures and stock was listed as being owned by the partnership as of the agreed date of dissolution. The cost of the reference to the auditor, which was borne and paid by the plaintiff, was $200. Thus upon the auditor's report the net amount to the plaintiff as the result of his suit would be $2.50, plus half of the apparently inconsiderable value of some fixtures and stock. When the auditor's report was submitted to the court for confirmation, defendant strenuously insisted that he had not intended to waive his defense of laches. Since it appeared to me the defendant had persistently endeavored to assert this defense from the beginning of his appearance in the case (by two motions to dismiss and by his answer)· and further, perhaps more important, since it appeared from the auditor's report that the principal record of the partnership business, consisting of a book of "Sales and Money," had disappeared, and that his account was stated from oral testimony and a personal property tax return, it seemed to be a fair exercise of the discretion of the court "to prevent manifest injustice" to permit a factual defense of laches to be made, notwithstanding the apparent waiver at the pre-trial proceedings. Feeling this

defense could only effectively be made by proper allegations of fact, the court permitted the defendant to file an amended answer setting forth the facts relied on by him. The court later decided that as a condition to permitting the defendant to represent these issues of fact, he should post a bond to protect the plaintiff against the unnecessary expense of a reference to the auditor, in the event the defense of laches should fail. This seems to be a fair condition. On the one hand, an examination of the pleadings indicates the defense of laches might reasonably be made out and that there was no intention to waive it at pre-trial proceedings. On the other hand, to permit this defense to be made now, at a time when the plaintiff has spent almost as much money as he may expect to recover, would place the plaintiff in a position of suffering a decided loss if the plea of laches should fail, unless he is assured of the costs paid upon the reference to the auditor. Therefore, it has been and now is my opinion that the defendant must give bond or otherwise protect the plaintiff against this loss.

Having given the matter careful thought after full hearing in court, and being of opinion nothing new can be advanced upon a rehearing, the motion for rehearing will be denied.