AGNES DEIGNAN, administratrix, *vs.* HARRIS LUBARSKY.

Worcester. September 25, 1945. — November 5, 1945.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Proximate Cause. Negligence,* Violation of law; Roof; Employer's liability: place of work.

Negligence consisting in whole or in part of violation of law is without legal consequence unless it was a contributing cause of the injury for which recovery is sought.

Even if an employer was negligent through failure to comply with a rule of the department of labor and industries requiring in substance that a suitable staging should be placed in position on a pitched roof to protect workmen engaged there from falling, a finding for the plaintiff in an action against such employer to recover for the death of an employee caused by a fall from such roof was not warranted where there was no eyewitness to the fall nor anything to show that, if there had been a staging, it would have prevented the fall, and the cause of the fall was left a matter of conjecture.

TORT. Writ in the Superior Court dated September 20, 1943.

The case was tried before *Swift*, J.

*J. Y. Young*, for the defendant.

*F. B. Spellman*, for the plaintiff.

SPALDING, J. This is an action to recover for the death [1] of the plaintiff's intestate, an employee of the defendant; the latter was not insured under the workmen's compensation act. The case was tried to a jury, which returned a verdict for the plaintiff, and comes here on numerous exceptions taken by the defendant during the trial. But in the view that we take of the case, the only exception that we need consider is that arising from the denial of the defendant's motion for a directed verdict.

The following is a summary of the significant evidence: The plaintiff's intestate on September 30, 1941, was employed by the defendant, a roofer, to assist him on a roofing job in Worcester. The intestate had worked for various roofers from time to time as "roofer's helper," and had worked for the defendant in that capacity at odd times during the previous twenty years. At the time that he was employed he was in his fifty-eighth year and was in good health. The intestate was employed to assist the defendant in laying a new roof on the porch of a three-story tenement house. The roof was about thirty-four feet above the ground and was five feet wide and eighteen feet long. From the point where the roof joined the house to the outer edge there was a "fairly uniform" slope of four inches in a distance of five feet, "just enough to take the water off." The intestate and a fellow employee named Wald were instructed by the defendant to go on the roof for the purpose of scraping off the old paper and laying new paper to which tar and gravel were to be applied. A ladder was put up and the defendant, Wald, and the intestate went up on the roof. After staying there for a few minutes the defendant descended and commenced to heat the tar. Sometime later he went to a nearby drug store where he

---

[1] The declaration contained a count for conscious suffering but this was waived.

remained until he "heard someone yell that a man fell off
the roof," and he returned and saw the dead body of the
intestate on the ground about ten feet from the ladder and
about eight feet from the edge of the building.   The roof
had been papered but the tar had not been added, and there
were tools on the roof.   There was no eyewitness to the
accident.   Wald testified that after he had been working
on the roof with the intestate for an hour and one half he
heard him say "Here, I'm going"; that he turned around
and, seeing nobody, "looked down the ladder and saw the
man on the ground."   The death certificate, which was in
evidence, under the heading "Disease or Cause" states
"Fracture of skull.  Compound.  Accident.  Fell off roof."
But see now St. 1945, c. 570.   The plaintiff introduced in
evidence Rule 6 [1] (promulgated by the department of labor
and industries, see G. L. [Ter. Ed.] c. 149, §§ 6, 13) which
was in force at the time of the accident.   It was agreed
that no staging was in use on the roof at the time of the
accident.

To recover, the plaintiff was required to prove negligence
on the part of the defendant that contributed to cause the
death of her intestate.   The plaintiff urges that this require-
ment has been met because the failure of the defendant to
set up any staging on the roof where the intestate was
working constituted a violation of Rule 6, mentioned above.
The plaintiff does not contend that the defendant was neg-
ligent in any other respect.   If we assume in favor of the
plaintiff that the evidence would have warranted a finding
that the place where the intestate was working was a
"pitched roof" so that the provisions of Rule 6 became
applicable — a matter by no means free from doubt —
nevertheless we are of opinion that the case should not
have been submitted to the jury.

---

[1] This was contained in a pamphlet entitled "Division of Industrial Safety,
Rules and Regulations in the prevention of accidents in building operations,"
and provided that "No work shall be done on a pitched roof unless suitable
staging has been placed in position for the use of workmen employed on or
about such roof.   Said staging shall be constructed and maintained with the
special purpose of protecting those working on roofs from falling, and also
for the purpose of protecting all persons from injury by materials falling from
such roofs or stagings."

It is true that the violation of a penal statute or of a valid ordinance, rule or regulation is evidence of negligence as to all consequences that were intended to be prevented. *Kralik* v. *LeClair*, 315 Mass. 323, 326. And we have no doubt that accidents to those engaged in working on roofs were consequences intended to be prevented by Rule 6. But, as we have said many times, "Negligence consisting in whole or in part of violation of law, like other negligence, is without legal consequence unless it is a contributing cause of the injury." *Baggs* v. *Hirschfield*, 293 Mass. 1, 3. *Kelly* v. *Hathaway Bakeries, Inc.* 312 Mass. 297, 299. *Dunsmoor* v. *Cowdrey*, 316 Mass. 516, 519. *Lockling* v. *Wiswell*, *ante*, 160, 165. *Sullivan* v. *Griffin*, *ante*, 359, 361. The evidence would not warrant a finding that the violation of Rule 6, if there was one, bore any causal relation to the death of the intestate. Not enough appears as to the place or manner of his fall to show that if there had been a staging on the roof it would have prevented the accident. What caused his fall is a matter of conjecture. The defendant's exception to the denial of his motion for a directed verdict is sustained, and judgment is to be entered for the defendant.

*So ordered.*