Rollins, J.
The defendant was the owner and manager of a parking lot for automobiles in Quincy. The lot was near the Pore River Shipyard.
The plaintiff worked at the Shipyard.
On November 6, 1943, at about 6:25 A. M. the plaintiff parked his automobile in this lot. He paid a fee for this and when he parked his car he locked the ignition and retained the key.
At about 3:05 or 3:10 P. M. when his work for the day was completed the plaintiff went to the lot to get his car. It was gone. It was found by the police about two weeks later in a vacant lot in Roxbury some miles away. When found the car was damaged, it had been run about 2800 miles and articles of personal property had been taken from the trunk.
In this action of contract or tort the plaintiff seeks to recover for the damage sustained by him when the car was taken.
The material evidence is set forth in the findings of fact made by the trial judge which are as follows:
*21 “On November 6,1943, at about 6:25 a. m. the plaintiff parked his 1939 Oldsmobile, 2-door sedan on defendant’s parking lot. He locked the ignition and retained the keys. When he returned at 3:05 p. m. his automobile was not on the lot. It was found about two weeks later in a vacant lot in Roxbury, some miles away, with a small dent in one fender, a dent in the trunk compartment, the lock of which had been forced and the generator in the pan. Articles of personal property were missing from the trunk and some damage had been done to the interior of the car. There was no parking sticker on the car.
Defendant owns a triangular lot of land bounded by Des Moines Road, South Street and Chubbuck Street near the Fore River Shipyard. On this lot there are two 4-family houses. The remainder of the 30,030 square feet area is operated by the defendant as a parking lot with one entrance on Des Moines Road and one on South Street.
Defendant has about 65 to 70 regular customers a week who pay $1.00 weekly to park their ears and receive a sticker each Monday for the ensuing week. About 35 cars belonging to workers on the 7 to 3 shift park facing Des Moines Road; 25 belonging to those working on the 3 to 11 shift, park facing South Street; in addition to these, up to 13 cars on the Chubbuck Street side from 11:00 p. m. to 7 a. m. All the owners lock their cars and take their keys with them.
In addition to regular customers there are one or two parkers daily. These are charged 25<f; a day.
On November 4th, the plaintiff parked his automobile on defendant’s lot for the first time and paid 25^.
On November 6, 1943 at 3 :05, the plaintiff came to defendant’s lot for his automobile. His car was not there and there was another car parked in the space in which the plaintiff had left his car. All the spaces on the Des Moines Road side of the lot were filled. This was the side on which the plaintiff left his car. Plaintiff had a rider on the 6th of November, not a regular rider but a Fore River worker whom he had picked up at Neponset Bridge.
Defendant regularly comes on the parking lot at about 5:00 a. m. and stays throughout the day, except *22 when relieved by his daughter. His daughter is with him on the lot from 5:15 a. m. to 7:30 a. m. and from 1:20 to 3:15 p. m. The defendant and his daughter were in attendance at the parking lot at the stated times on November 6, 1943.
I find that defendant was a bailee for hire of plain- • tiff’s automobile; that he used the care that a reasonably careful man would use in respect to his own automobile in caring for the plaintiff’s car. I find that the defendant was not negligent and therefore find for the defendant.”
At the close of the trial the plaintiff seasonably filed ten requests for ruling of law. The Court found for the defendant.
The plaintiff claiming to be aggrieved by the rulings and refusals to rule, and also claiming to be aggrieved “in that the judge’s memorandum does not conform with the uncontradicted testimony”, this case is reported to this Appellate Division.
Since the plaintiff’s ground of appeal last above stated, was not argued in his brief nor orally, it is enough to say we consider it waived.
The principal contentions of the plaintiff are:
(1) the defendant was a bailee for hire of the plaintiff’s automobile,
(2;) as such bailee he was bound to use the quantity and quality of care, which under similar circumstances a reasonably careful man would use in respect to his own automobile,
(3) the defendant did not use such care and so was guilty of negligence, since
(4) if nq attendant was present when the car was stolen no precautions were being taken to protect the plaintiff’s automobile, or
(5) if an attendant was present a finding is warranted that the defendant was negligent in not .knowing of the attempt to steal the car and preventing its theft.
*23 The plaintiff’s requests for rulings embody these contentions.
The trial court found for the plaintiff on his contentions numbered (1) and (2) above, but against him on contention numbered (3), since he found in respect to contention numbered (4) that attendants were present, and in respect to number (5) that the defendant was not negligent.
"Whether one has been guilty of negligence is commonly a question of fact. Ashapa v. Reed, 280 Mass. 514, 517. R. Dunkel Inc. v. V. Barletta Co., 302 Mass. 7,11.
Such finding will not be set aside unless clearly wrong, and unless it cannot be supported on any view of the evidence. Engel v. Checker Taxi Co., 275 Mass. 471, 475, 476.
In our opinion the finding that the defendant was not negligent is justified by the evidence.
As a bailee for hire the defendant was obliged only to use due care in guarding the plaintiff’s automobile. He was not the insurer of it. Sandler v. Commonwealth Station Co., 307 Mass. 470, 471. Rourke v. Cadillac Auto Co., 268 Mass. 7, 8. Morse v. Homer’s Inc., 295 Mass. 606, 608.
There was no prejudicial error in the action taken by the trial judge on the plaintiff’s requests for rulings, or otherwise, and the order must be, Report Dismissed.