ALBERT CARBONE *vs.* TRUSTEES OF NEW YORK, NEW
HAVEN & HARTFORD RAILROAD COMPANY
(and a companion case [1]).

Middlesex.  November 7, 1946.— January 31, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, RONAN, WILKINS, &
SPALDING, JJ.

*Fire. Negligence,* Violation of law; Railroad: fire; Inflammable sub-
stance. *Railroad,* Fire. *Practice, Civil,* Ordering verdict.

The mere fact that no penalty is prescribed for violation by a railroad
corporation of G. L. (Ter. Ed.) c. 160, § 235, as amended, does not
preclude such a violation being treated as evidence of negligence on
the part of the corporation.

A failure by a railroad corporation to clear its location of dead leaves,
dead grass and other inflammable material as required by G. L. (Ter.
Ed.) c. 160, § 235, as amended, would be evidence of negligence which,
if shown to be causally related to the spread of a fire which started
in the inflammable material and spread to woodland near the location,
would warrant a finding of liability of the corporation to the owner of
the woodland for the damage caused thereto by the fire, even though
the cause of the start of the fire did not appear.

An exception at the trial of an action to the ordering of a verdict for the
defendant upon the plaintiff's opening to the jury was sustained where,
although the opening left somewhat in doubt the sufficiency of the
expected evidence upon an issue which this court considered the ma-
terial issue, the trial judge did not question its sufficiency but, after
ascertaining from counsel for the plaintiff that he would offer no evi-
dence upon another issue which this court considered immaterial,
based the ordering of the verdict upon the lack of expected evidence
on the latter issue.

TWO ACTIONS OF TORT.  Writs in the Superior Court dated
October 21, 1943.

The actions were tried together before *Morton,* J., who
ordered verdicts for the defendants upon the plaintiffs'
opening to the jury.  The plaintiffs alleged exceptions.

The cases were argued at the bar in November, 1946,
before *Field,* C.J., *Lummus, Qua, Dolan,* & *Spalding,* JJ.,
and afterwards were submitted on briefs to all the Justices.

---

[1] The companion case is by Charles E. Nichols against the same defendants.

*E. T. Simoneau*, for the plaintiffs, submitted a brief.

*N. W. Deering*, for the defendants.

SPALDING, J. These are two actions of tort in which the judge, at the close of the plaintiffs' opening, ordered verdicts for the defendants subject to the plaintiffs' exceptions. The declarations in the two cases are substantially the same. In the first count of each the plaintiff alleges negligence by reason of a violation of G. L. (Ter. Ed.) c. 48, § 16; the second counts allege negligence arising out of a violation of G. L. (Ter. Ed.) c. 160, § 235, as amended. While the declarations do not specifically mention the statutes, it is obvious that they were drawn with reference to them.

In his opening, counsel for the plaintiffs read to the jury the provisions of G. L. (Ter. Ed.) c. 160, § 235, as amended, and of G. L. (Ter. Ed.) c. 48, § 16. He then stated that he would prove that at some time prior to April 30, 1942, the defendants had cut and piled up brush on their railroad location; that between April 1 and December 1 of that year they did not clear the location of dead leaves, dead grass, and other inflammable material; that some time in the early afternoon of April 30 the plaintiff Carbone, "who . . . [operated] a farm at some distance from this woodland, was advised by some of his workmen that his wood was on fire"; and that Carbone and others attempted to extinguish the fire "but it got beyond their control and got in onto . . . [the plaintiff] Nichols's woodland, and from there into Carbone's woodland," burned about two hundred fifty cords of cord wood and about five hundred fence posts thereon, and damaged a sizable tract of land. Counsel then stated that he would offer in evidence photographs, which were taken as soon after the fire as possible, "to show that part of the location which was burned and from which it spread onto the woodland of the plaintiffs in these two actions."

The following colloquy then occurred: "The JUDGE. If it is not clear on the record, may I say that as part of your opening you say that you have no evidence of what caused the fire? COUNSEL FOR THE PLAINTIFFS. That is true. The JUDGE. As to who caused it, or why? COUNSEL FOR THE PLAINTIFFS. That is true." The judge then said to the

jury, "I am going to direct a verdict for the defendant . . . because I feel that although, if the facts were proved as set forth in the opening you would be warranted in finding that a failure to remove slash might be a breach of a penal statute and therefore evidence of negligence, without any evidence as to what caused the fire I do not believe that the plaintiffs can maintain their actions. For that reason, I direct a verdict for the defendant in each action."

The judge erred in directing verdicts for the defendants.

We lay to one side the contention of the defendants that G. L. (Ter. Ed.) c. 48, § 16,[1] is not applicable to railroads and that G. L. (Ter. Ed.) c. 160, § 235, as amended, was intended to occupy the field exclusively on the matter of a railroad's duty to keep its location free of brush and similar material. The opening did not reveal any facts tending to show a violation of G. L. (Ter. Ed.) c. 48, § 16, but disclosed only a violation of G. L. (Ter. Ed.) c. 160, § 235, as amended, the relevant portions of which provide that "Every corporation operating a steam railroad . . . shall, between April first and December first in each year, keep the full width of all of its locations over which . . . [its] engines are operated, to a point two hundred feet distant from the centre line on each side thereof, clear of dead leaves, dead grass, dry brush or other inflammable material," with certain exceptions not here material. No penalty is prescribed for its violation. Nevertheless, we are of opinion that a violation of it would be evidence of negligence as to all consequences that were intended to be prevented. *Kralik* v. *LeClair*, 315 Mass. 323, 326. And we have no doubt that one of these consequences, if not the chief one, was the protection of other property against damage by fire.

It is true that in all of the cases that have come to our attention where violation of a statute has been held to be evidence of negligence, the statute under consideration was

---

[1] "Every owner, lessee, tenant or occupant of lands or of any rights or interests therein, except electric, telephone and telegraph companies, who cuts or permits the cutting of brush, wood or timber on lands which border upon woodland, or upon a highway or railroad location, shall dispose of the slash caused by such cutting in such a manner that the same will not remain on the ground within forty feet of any woodland, highway or railroad location."

penal. Expressions may be found in many of these cases from which it might be inferred that this principle is confined to penal statutes, ordinances, by-laws or regulations.[1] But these expressions cannot be taken to place such a limitation on the rule, for in the cases in which they appear that question was not before the court. On principle there should be no such limitation. The Legislature in enacting § 235 imposed a duty on railroad corporations with respect to certain inflammable material on their locations. We see no reason why a breach of that duty should not be treated as evidence of negligence. It would be strange if a court which holds that the violation of a rule of a corporation is evidence of negligence (*Stevens* v. *Boston Elevated Railway*, 184 Mass., 476) were to hold that similar consequences should not attend the violation of a statute merely because no penalty was prescribed. See Restatement: Torts, §§ 286, 287; Prosser on Torts, § 39.

The ordering of the verdicts cannot be supported on the ground stated by the trial judge. That the cause of the fire did not appear was not necessarily fatal to recovery. *Geraci* v. *A. G. Tomasello & Son, Inc.* 293 Mass. 552. In that case, although the cause of the fire was not shown, the plaintiff was allowed to recover on proof that the fire started at a place where the defendant had negligently allowed inflammable material (gasoline or oil) to accumulate. In the present cases the opening showed negligence on the part of the defendants in not complying with § 235. If this negligence was causally related to the fire that damaged the plaintiffs' property, the plaintiffs were entitled to go forward with their evidence. The opening leaves this aspect of the case in some doubt. But we are disposed to resolve it in favor of the plaintiffs in the circumstances here disclosed.

While the practice of ordering a verdict on an opening

---

[1] Typical of such statements is the following: The "violation of a criminal statute is evidence of negligence . . . as to all consequences that the statute was intended to prevent." *Bourne* v. *Whitman*, 209 Mass. 155, 166–167. Similar expressions may be found in *Gordon* v. *Bedard*, 265 Mass. 408, 411, *Falk* v. *Finkelman*, 268 Mass. 524, 527, *Wainwright* v. *Jackson*, 291 Mass. 100, 102, *Baggs* v. *Hirschfield*, 293 Mass. 1, 3, *Kralik* v. *LeClair*, 315 Mass. 323, 326, and *Deignan* v. *Lubarsky*, 318 Mass. 661, 664.

that fails to state a case is a well recognized part of our law (*Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, 482; *Sandler* v. *Green*, 287 Mass. 404, 406), nevertheless it is a power which, for obvious reasons, should be exercised with great caution. It is customary and proper, before disposing of a case upon an opening, to make sure that the case has been fully stated. See *Mulvaney* v. *Worcester*, 293 Mass. 32, 33. In the cases before us the judge, as the colloquy quoted above shows, ordered the verdicts not on the ground that the inflammable material was not causally related to the fire, but rather for the reason that the cause of the fire was not known. The plaintiffs were invited to supply omissions with respect to the latter issue, but not the former. In view of this they might reasonably have inferred that their opening had shown sufficient causal connection between the inflammable material and the fire, and that it was not necessary to say anything further on that issue. The defendants do not in this court seriously contend that the opening failed on that issue, but seek to support the ruling of the judge chiefly on the ground that the cause of the fire was not shown.

We are of opinion in these circumstances that the opening ought not to be interpreted as showing no causal connection between the inflammable material and the fire, and that the plaintiffs ought to have been allowed to go forward with their evidence.

This is the opinion of a majority of the court.

*Exceptions sustained.*