GEORGE C. MONROE & others *vs.* NICHOLAS L. VASSALOTTI.

Norfolk. March 9, 1960. — April 29, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, & CUTTER, JJ.

*Negligence*, Motor vehicle, Violation of law. *Motor Vehicle*, Equipment. *Practice, Civil*, Requests, rulings and instructions.

Evidence of the circumstances in which the operator of a large truck plowing snow on a slippery street in a city at night made a left turn to enter a side street across the path of an approaching automobile which, when its operator attempted to turn it to avoid a collision, skidded into the truck warranted a finding of negligence on the part of the truck operator. [766]

On evidence in an action that the defendant, operating at night a large truck not displaying a green light at its extreme left front as required by G. L. c. 90, § 7, made a left turn to enter a side street across the path of an approaching automobile of the plaintiff, which collided with the truck, there was no error on the part of the judge, who instructed the jury correctly that the purpose of the green light was to indicate the extreme left lateral extension of the truck or its load, in refusing to give an instruction requested by the defendant that "the requirement of c. 90, § 7, with respect to a green light was not intended to prevent the type of collision here involved" and in leaving to the jury the question whether the violation of the statute was a contributing cause of the collision. [766–767]

TORT. Writ in the Superior Court dated May 3, 1957.

There were verdicts for the plaintiffs at the trial before *Bolster*, J., and the defendant alleged exceptions.

*Melville F. Weston,* for the defendant.

*Thomas H. Mahony,* for the plaintiffs.

WILLIAMS, J.   This action of tort arose from a collision of automobiles at the intersection of Centre and Clark streets in Newton on the evening of December 14, 1956.   One Elizabeth Monroe was operating a sedan owned by the plaintiff George, C. Monroe northerly on Centre Street at about 9 P.M.   The plaintiffs Nellie G. Monroe and Eleanor Monroe were seated at her right.   It was a snowy, rainy night, the street was covered with snow, and it was slippery. The defendant was plowing the streets for the city of Newton and was driving a truck with a snow plow attachment southerly on the same street.   The truck was twenty-six feet long overall and was loaded with two or three tons of sand.   Two headlights and two dome lights over the cab were lighted but there was no green light attached to the left front of the vehicle in accordance with the requirement of G. L. c. 90, § 7.[1]   Centre Street had three traffic lanes and was about forty feet wide.   There was evidence that the defendant was driving in the middle lane and when about fifty feet north of Clark Street put on his left directional light and turned left at a slight angle to enter Clark Street. He was plowing snow and proceeding at from five to ten miles per hour at which rate of speed he could stop in from five to ten feet.   He had gone about sixty feet and the plow had entered Clark Street when his truck was struck on the right side near the rear wheels by the Monroe sedan.

The defendant testified that when he started to turn he saw the lights of the automobile, which proved to be the Monroe car, some three hundred feet to the south;   he watched it approach and last saw it before the collision when it was fifty feet away, his view thereafter being obscured by the right side of his cab.   Miss Monroe testified that as she

[1] General Laws c. 90, § 7, provides that a "commercial motor vehicle used solely as such, having a carrying capacity of three tons or over . . . [shall display] a green light attached to the extreme left of the front of such vehicle, so attached and adjusted as to indicate the extreme left lateral extension of the vehicle or load, which shall in all cases aforesaid be visible not less than two hundred feet in the direction toward which the vehicle is proceeding or facing."

approached Clark Street she saw the lights of one "or possibly two cars approaching way up ahead." She was driving at a rate of thirty to thirty-five miles per hour when suddenly she saw "a truck's back wheels were in front of her" — about seven feet ahead. She then attempted to turn left and skidded into the truck.

An auditor, to whom the case was referred, found for the defendant on each count but in a subsequent trial to a jury there were verdicts for the plaintiffs. The defendant has excepted to the denial of his motions for directed verdicts and to the refusal to give the following instruction: "The jury are instructed that the requirement of c. 90, § 7, with respect to a green light was not intended to prevent the type of collision here involved."

No issue was raised as to the contributory negligence of any one of the plaintiffs and the sole question was that of the defendant's negligence. That question was properly submitted to the jury. It was for them to determine whether in turning to his left and proceeding across the path of the approaching automobile, he was negligent and whether his negligence contributed to cause the collision. There was no error in refusing to give the requested instruction. A violation of § 7 is penalized by G. L. c. 90, § 20, and is evidence of negligence as to all consequences that the statute was intended to prevent. *Baggs* v. *Hirschfield*, 293 Mass. 1, 4. *Kralik* v. *LeClair*, 315 Mass. 323, 326.

In order, however, that legal liability follow, such negligence must be a contributing cause of the injury. *Baggs* v. *Hirschfield, supra,* page 3. *Kralik* v. *LeClair, supra,* page 326. *Deignan* v. *Lubarsky,* 318 Mass. 661, 664. The judge charged the jury as to the pertinent principles of law in terms to which no exceptions were taken. The requested instruction applied only to the purpose of the statute. We have no doubt that a collision of motor vehicles was a consequence which the requirement of a clearance light on the extreme left of a truck was intended to prevent. See *Baggs* v. *Hirschfield, supra,* page 4; *Kralik* v. *LeClair, supra,* page 326; *Deignan* v. *Lubarsky, supra,* page 664; *Friese* v. *Bos-*

ton Consol. Gas Co. 324 Mass. 623, 630; Shaw v. Boston Am. League Baseball Co. 325 Mass. 419, 423–424. But the judge was asked to rule that the statute was not intended to apply to the particular "type" of collision involved without knowing what the specific facts might be found by the jury to be. It required what might prove to be a misleading characterization on his part. He correctly instructed the jury that the purpose of the green light was to indicate the extreme left lateral extension of the vehicle or load and left it to them to determine whether its violation was a contributing cause of the collision.

*Exceptions overruled.*