EDITH ELWELL & another *vs.* JOHN DEL TORCHIO, JR. & another. June 4, 1965. Exceptions overruled. It was not error to deny the defendants' motions for directed verdicts in this action of tort for injuries to the female plaintiff (Mrs. Elwell). The accident occurred on May 8, 1961, when a railing on a stairway within the plaintiffs' apartment gave way when Mrs. Elwell took hold of it. The plaintiffs' tenancy began in January, 1961. The jury could have found that the insecure pin or screw that held the railing to the wall was a hidden defect, known to the defendants at the time of the letting and undisclosed by them. *Stumpf* v. *Leland,* 242 Mass. 168, 171. *Carney* v. *Bereault,* 348 Mass. 502, 509. There was no error in admitting the evidence of a similar accident occurring about a year before and disclosed to one of the defendants. Such testimony was relevant to show knowledge of the defect. See *Denton* v. *Park Hotel, Inc.* 343 Mass. 524, 527.

*Salvatore J. Basile* (*J. Albert Bradley* with him) for the defendants.

*F. Dale Vincent* for the plaintiffs.

THOMAS WOOD *vs.* RAY-AL CAFE, INC. June 4, 1965. Exceptions overruled. The denial of the defendant's motions for a directed verdict and for the entry of a verdict for the defendant under leave reserved was right. The testimony tended to show that a bartender, employed by the defendant in its café, served the plaintiff's assailant with liquor for some time after he was obviously intoxicated and in a period when he was moving about the café imposing himself on patrons, cadging drinks from them, and in the course of this action using abusive or insulting language. There was also testimony that the assault on the plaintiff, a patron, came after the plaintiff had asked the bartender to eject the offender. Such conduct by a drunken person carried with it the menace of violence. Failure to protect the plaintiff from this menace could have been found to be a breach of the duty owed to him. *McFadden* v. *Bancroft Hotel Corp.* 313 Mass. 56, 59–60. *Kane* v. *Fields Corner Grille, Inc.* 341 Mass. 640, 641–643. There was also evidence of negligence in the serving of liquor to an intoxicated person in violation of G. L. c. 138, § 69. This violation could have been found to be a contributing cause of the injury. See *Monroe* v. *Vassalotti,* 340 Mass. 764, 766; *Falvey* v. *Hamelburg,* 347 Mass. 430, 434–435.

*Sturtevant Burr* (*Richard W. Hynes* with him) for the defendant.

*Harry Kisloff* (*Peter J. Needham* with him) for the plaintiff.