JOSEPH DiLORENZO *vs.* YELLOW CAB OF SOMERVILLE, INC. & another. May 3, 1971. The plaintiff sustained personal injuries while riding as a passenger for hire in a taxicab owned by the corporate defendant and driven by its employee, the defendant Michael F. Costello, in the course of his employment. The case is here on the defendants' exceptions to the denial of their motions for directed verdicts in their favor. In answer to the plaintiff's call the taxicab went to his house on Broadway in Somerville to drive

him to Boston. The taxicab stopped in front of his house, facing toward Somerville, and waited for him. The weather was clear and the road was dry. Broadway was fifty feet wide and had no barrier separating vehicles traveling in opposite directions. It sloped downhill from the plaintiff's house for a distance of about 1,200 feet in the direction of Somerville to some lights at Magoon Square. As the plaintiff came down some steps from his house there were no cars coming from his left, and there was one car (the Gear car) near the lights at Magoon Square to his right. There was no evidence of any obstruction between the taxicab, as it waited for the plaintiff, and Magoon Square. The plaintiff entered the taxicab and told Costello his destination in Boston. The taxicab then made a U-turn to the opposite side of Broadway to head toward Boston. As the taxicab was making the turn the plaintiff saw the Gear car approach and started to call, "Stop," but Costello did not hear him. Before the plaintiff could finish the word, the Gear car and the taxicab collided and the plaintiff was injured. The Gear car was going about fifty miles an hour on its own side of the road and its driver did not see the taxicab before the accident. The corporate defendant owed the plaintiff passenger the duty to exercise reasonable care in all of the circumstances, one of which was that the plaintiff was paying for his ride. *Hathaway* v. *Checker Taxi Co.* 321 Mass. 406, 411–412. The evidence was sufficient to permit the jury to find that the defendant Costello was negligent in making the U-turn in the circumstances existing at that time and place, and in particular in the face of the approaching Gear car which could have been seen for a considerable distance. *Zawacki* v. *Finn*, 307 Mass. 86. *Monroc* v. *Vassalotti*, 340 Mass. 764, 766. The negligence, if any, of Gear did not entitle the defendants to directed verdicts in their favor. *Eckstein* v. *Scoffi*, 299 Mass. 573, 576. The denial of the defendants' motions for directed verdicts was not error.

*Exceptions overruled.*

*Herbert S. O'Neill* for the defendants.
*John E. Lecomte* for the plaintiff.