CHARLES J. FERRANTE *vs.* JOHN E. HIGGISTON & others.

Worcester.    October 9, 1936. — December 9, 1936.

Present: RUGG, C.J., CROSBY, FIELD, & LUMMUS, JJ.

*Civil Service.*

Notwithstanding G. L. (Ter. Ed.) c. 3, § 46E, a municipal officer, granted "an indefinite leave of absence not to exceed the limitations of the law governing the same," became "separated" from the classified civil service within Rule 23 (2) of the Civil Service Rules by remaining away from his work for more than six months, although within the six months he had performed some work as agent and delegate of a temporary officer appointed for that period.

PETITION, filed in the Supreme Judicial Court for the county of Worcester on April 22, 1936, for a writ of mandamus.

The case was heard by *Pierce,* J., on an agreed statement of facts. The writ was ordered issued against the respondent Higgiston, and he alleged exceptions.

The case was submitted on briefs.

*W. A. Murray,* for the respondent Higgiston.

*H. D. Barbadoro,* for the petitioner.

LUMMUS, J.   This is a petition for a writ of mandamus to try title to the office of plumbing inspector of Milford. *Sevigny* v. *Russell,* 260 Mass. 294.   *Parrott* v. *Plunkett,* 268 Mass. 202, 205.   *King* v. *Mayor of Quincy,* 270 Mass. 185. *Mansfield* v. *O'Brien,* 271 Mass. 515.   *Wardwell* v. *Leggat,* 291 Mass. 428.   *Coleman* v. *Louison, post,* 210.   The respondent Higgiston held the office for years.   It is within the classified civil service by virtue of the acceptance by the town on May 22, 1911, of the provisions now contained in G. L. (Ter. Ed.) c. 142, §§ 2, 11, 12.   The compensation is on an hourly basis.   On March 14, 1935, in order to be eligible as foreman on a Federal project, Higgiston asked the board of health of Milford for leave of absence as plumbing inspector, and was given "an indefinite leave of absence

not to exceed the limitation of the law governing the same,"
beginning April 1, 1935.

On October 10, 1935, the board of health elected the petitioner Ferrante plumbing inspector, to take office on October 16, 1935. This was within two weeks after the last certification of names therefor, which was on October 2, 1935. Although no notice of the appointment was given to the commissioner of civil service within two weeks after the certification, as required by Rule 13, paragraph 2, of the Civil Service Rules, the letter of the commissioner dated October 30, 1935, amounted to a ratification of the appointment under that rule. If there was a vacancy on October 10, 1935, the petitioner Ferrante is entitled to the office. The question is, whether a vacancy then existed.

On October 12, 1935, Higgiston notified the board of health that he would resume his duties on October 31, 1935. He did not do so. On November 7, 1935, the board of health voted to grant Higgiston "an indefinite leave of absence not to exceed the limitations of the law governing the same," beginning October 1, 1935. On January 31, 1936, he notified the board of health that he would resume his duties as plumbing inspector on February 1, 1936. Since that time both Higgiston and Ferrante have claimed the office. On the foregoing facts, a single justice ordered the writ to issue against Higgiston, and he alleged exceptions.

In *Dunn* v. *Commissioner of Civil Service*, 279 Mass. 504, an officer who, under leave of absence, ceased to work for three months, was held "separated from the service without fault or delinquency on his part" within Rule 23, paragraph 2, of the Civil Service Rules, with the result that he had merely certain preferential rights to certification and a possibility of reinstatement. Reinstatement is not of right, but requires concurrent action of the appointing officer and the commissioner of civil service. *Skold* v. *Chief of Fire Department of Cambridge*, 266 Mass. 513. The rule of law enunciated in the *Dunn* case was affected by St. 1934, c. 207 (G. L. [Ter. Ed.] c. 31, § 46E), only to the extent that a leave of absence for a period less than six months is not now deemed a separation from the classified civil service.

Even if the words "not to exceed the limitations of the law governing the same," in the grant to Higgiston of an indefinite leave of absence, be taken to limit the leave of absence to a period somewhat short of six months, in view of St. 1934, c. 207, Higgiston neither resumed work nor obtained a further leave of absence until considerably more than six months after he ceased to perform his duties on April 1, 1935. He became separated from the service, and never was reinstated under the rule. His temporary performance of duty during a small part of his period of absence, as the agent and delegate of the temporary plumbing inspector appointed to hold office during that period, was not the resumption of his office.

*Exceptions overruled.*