WILLIAM G. HENDERSON *vs.* MAYOR OF MEDFORD.

Middlesex.   December 4, 1946. — January 10, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Civil Service.   Mandamus.*

A police officer, who on a November 12 received a letter suspending him from duty and on November 14 a notice that there would be a hearing on the subject of his suspension on November 15, and who then attended for the hearing, but was informed that it was continued to November 26 and was served with new charges against him, was not given a hearing to which, under G. L. c. 31, § 43 (e), as appearing in St. 1945, c. 667, § 1, he was entitled within seventy-two hours after

his suspension, nor was the hearing on November 26 of any effect, and therefore he was not required to seek relief under § 43 (b), (c), and (d), but was entitled to secure reinstatement to his position by mandamus.

Compensation for a period during which a police officer was suspended in violation of the civil service statutes cannot be recovered by him in a mandamus proceeding reinstating him; he must be remitted to an action of contract for such recovery.

PETITION for a writ of mandamus, filed in the Superior Court on April 29, 1946.

The case was heard by *Baker*, J.

In this court the case was submitted on briefs.

*E. J. Bushell*, for the petitioner.

*A. C. York*, City Solicitor, for the respondent.

DOLAN, J.   By this petition for a writ of mandamus the petitioner seeks to compel the respondent to reinstate him as a police officer and to continue his employment, and to require that all "compensation due him from the date of his suspension be restored to him." The respondent demurred to the petition, setting out as grounds (1) that "The petition is not brought in accordance with G. L. (Ter. Ed.) c. 31, § 46A, inasmuch as the petitioner has not been removed from his employment"; (2) that "The petitioner has not requested a hearing before a member of the civil service commission as provided by" St. 1945, c. 667; and (3) in substance that, the petitioner not having exhausted all other remedies available to him, the writ should not be granted. The first ground of demurrer having been waived, the judge entered a decree sustaining the demurrer on the second and third grounds. The petitioner's appeal therefrom brings the case here.

Material· allegations of the petition may be summed up as follows: The petitioner was appointed a regular police officer of the city of Medford on January 1, 1933. He received a letter dated November 12, 1945, from the chief of police, notifying him that he was suspended from police duty for violation of the rules and regulations of the police department, and specifying that the petitioner had not patrolled or not properly patrolled his route during his tour of patrol duty, and that he had failed to make duty calls on

November 12, 1945, at 6:10 A.M. and 7:10 A.M., and to report at the police station at 8 A.M.  The notice stated that the petitioner was "entitled to a hearing in a manner provided by law."  On November 14, 1945, the petitioner was notified in writing by the acting mayor that there would be a hearing before him at 3 P.M. Thursday, November 15, 1945, at the mayor's office at the city hall, in the matter of the petitioner's suspension from duty as a patrolman.  On November 15 the petitioner pursuant to that notice appeared at 3 P.M. at the place assigned for hearing ready to proceed, but against his objections and without his consent he was informed by the mayor or his attorney that the hearing was continued to November 26, 1945.  At the same time the petitioner was served with additional charges contained in a letter dated November 15 and signed by the chief of police.  The petitioner was not given at any time a printed form stating his rights under the civil service law as required by G. L. (Ter. Ed.) c. 31, § 43 (a), as appearing in St. 1945, c. 667, § 1. He was present with counsel on November 26, 1945, at a hearing of the charges against him before the respondent, but objected to continuing with the hearing and refused to plead to any of the charges against him on the ground that the hearing was not conducted in conformity with the provisions of G. L. (Ter. Ed.) c. 31, § 43, as amended.  On November 28, 1945, he was notified in writing by the mayor that he found him guilty of all the charges made and that he directed that he be suspended from the police department for the period of one year.  The notice contained the following concluding statement: "You are entitled to a hearing before a member of the civil service commission or some disinterested person designated by the chairman of the said commission in conformity with the Acts of 1945, Chapter 667."

The remedy afforded to one aggrieved, in case of suspension, by request for a hearing before a member of the civil service commission, as provided in § 43 (b) of the statute just above referred to relative to the "discharge, removal, [or] suspension" of persons in the civil service, does not accrue until the requisite hearing has been given and decision made by the appointing authority as provided in § 43 (a),

(e), of that statute. "Commonly failure to observe the essential mandates of the statute entitles an employee or officer protected by the civil service law to relief by mandamus." *Peckham* v. *Mayor of Fall River*, 253 Mass. 590, 592. Section 43 (a), so far as here material, reads as follows: "He shall not be discharged, removed, suspended for a period exceeding seventy-two hours, laid off, transferred from such office or employment without his consent, lowered in rank or compensation, nor shall his office or position be abolished, except for just cause and for reasons specifically given him in writing, together with a printed form which shall state his rights under the civil service law. Before any action affecting employment or compensation referred to in the preceding sentence is taken, the officer or employee shall be given a full hearing before the appointing authority, of which hearing he shall have at least seventy-two hours' written notice from the appointing authority otherwise expressly provided in this chapter. Within forty-eight hours after completion of said hearing, the appointing authority shall give to the employee affected a written notice of his decision, stating fully and specifically the reasons therefor." Section 43 (b) provides as follows: "If within five days after receiving written notice of the decision of the appointing authority the person so discharged, removed, suspended, laid off, transferred or lowered in rank or compensation, or whose office or position was abolished, shall so request in writing, he shall be given a hearing before a member of the [civil service] commission or some disinterested person designated by the chairman of the commission. Said hearing shall be commenced in not less than three nor more than ten days, and shall be completed within thirty days, after the filing of such request, and the findings shall be reported forthwith to the commission for action. The decision of the commission shall be in writing and notice thereof sent to all parties concerned within ten days after the filing of the report. If the commission finds that the action of the appointing authority was justified, such action shall be affirmed; otherwise, it shall be reversed and the person concerned shall be returned to his office or position without loss

of compensation. The commission may also modify any penalty imposed by the appointing authority." Section 43 (d) provides that the action of the commission "shall be subject to judicial review by the district court within the judicial district of which such person resides, as provided in section forty-five." General Laws (Ter. Ed.) c. 31, § 45, as appearing in St. 1945, c. 667, § 2, sets forth the provisions governing recourse to judicial review. By § 43 (e) it is provided: "A temporary suspension for a period not exceeding seventy-two hours may be made only by the appointing authority or by a subordinate to whom such authority has been delegated, and may only be made pending a hearing, which shall be held by the appointing authority within said seventy-two hours. If the suspension was found to be without just cause, the officer or employee so suspended shall be deemed not to have been suspended from the service, and he shall be returned to his former office or position without loss of compensation. In the event that the appointing authority finds just cause for further suspension, he shall within forty-eight hours after the hearing give notice in writing to the suspended officer or employee, stating specifically the reasons for such suspension, together with a printed form which shall state his rights under the civil service law, and shall send a copy of such reasons forthwith to the director, together with a request for the reinstatement of the officer or employee to be effective at the expiration of the period of suspension. If the officer or employee desires to appeal from this decision, paragraphs (b), (c) and (d) of this section shall apply."

It follows from the facts alleged in the petition that the petitioner never was given the hearing by the respondent to which he was entitled within seventy-two hours after notice of his suspension, as provided in § 43 (e), that the subsequent hearing, not having been held in conformity with the provisions of the governing statute, was of no force and effect, and that therefore the right to request a hearing before a member of the civil service commission or some disinterested person designated by the chairman of the commission never came into being, nor the right after such

a hearing to judicial review by the appropriate District Court. As before pointed out, those remedies are not open to one whose suspension is not ordered after a hearing by the appointing authority held within the time provided by the statute. Upon the allegations of the petition the petitioner was denied such a hearing and is entitled to resort for relief to a petition for a writ of mandamus. *Peckham v. Mayor of Fall River,* 253 Mass. 590, 592. *Lowry v. Commissioner of Agriculture,* 302 Mass. 111, 116, and cases cited.

What we have just said disposes of the respondent's third ground of demurrer that the petitioner has not "exhausted all other remedies available to him." The present petition lies on the facts alleged in so far as it seeks to compel the reinstatement of the petitioner to his employment. In so far, however, as it is brought to recover compensation for the period during which the petitioner may be found to have been illegally suspended, the petitioner must be remitted to an action of contract to recover his accrued wages. See *Lattime v. Hunt,* 196 Mass. 261; *Police Commissioner of Boston v. Boston,* 279 Mass. 577; *Seney v. Board of Health of Northampton,* 314 Mass. 272, 275–276.

> *Order sustaining demurrer reversed.*
> *Demurrer overruled.*