MICHAEL H. COYNE *vs.* CITY MANAGER OF CAMBRIDGE.

Middlesex. March 1, 1954. — April 1, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Civil Service. Mandamus.*

The provision in G. L. (Ter. Ed.) c. 31, § 46A, that a petition for a writ of mandamus for the reinstatement of any person alleged to have been illegally removed from a civil service office or employment shall be filed within six months after such removal was applicable to bar a mandamus proceeding brought by a petitioner alleging that he had been illegally removed from a civil service position by an unauthorized and improper acceptance of his resignation therefrom nearly three years before the filing of the petition.

PETITION for a writ of mandamus, filed in the Superior Court on April 1, 1953.

The case was heard by *Forte, J.,* upon a demurrer by the respondent.

*Roland H. Peacock, (Peter J. Needham* with him,) for the petitioner.

*Richard D. Gerould,* City Solicitor, for the respondent.

WILKINS, J. This is a petition for a writ of mandamus to order the respondent to restore the petitioner "to his former position" as a member of the fire department of Cambridge. The respondent demurred generally to the petition, the demurrer was sustained, and the petitioner appealed.

The allegations of the petition are as follows: The petitioner was appointed to the fire department as a private on January 15, 1939, and continued as a member with civil service status until on or about July 27, 1950. On or about July 19, 1950, the petitioner caused his written resignation as such member to be delivered to the chief of the fire department, "but upon the express condition and with the express understanding that said resignation was not to have any legal force and effect as such unless and until the said chief should at some later date receive from your petitioner an express and specific authorization to accept the same." The chief "consented to receive, and did receive, such resignation upon said condition and understanding." On or about July 27, 1950, "without any authorization therefor, and in breach of said condition and understanding," the chief in writing accepted the resignation, "and thereby unlawfully and without legal right caused the termination of your petitioner's said employment as said member in said fire department, said resignation and said acceptance being under such circumstances of no legal force and effect." At that time there was pending before the board of retirement of the city an application by the petitioner for retirement and for a retirement allowance or pension, which he filed in June, 1950, and upon which no action has been taken. The petitioner has delayed bringing this petition because he expected to be retired on his application and has been engaged in attempting to enforce his rights under the civil service statutes. The petitioner has never intended to abandon or waive his right to "reinstatement and restoration," and has not done so. On or about December 17, 1952, the petitioner made written demand upon the respondent for "reinstatement and restoration," and the demand has been refused. "[A]ll power and authority to appoint or reappoint or reinstate or to hire or discharge members of said fire department is vested by law exclusively in the respondent as such city manager." The "petitioner has never been discharged from said employment."

We assume in favor of the petitioner that the writing

containing his resignation comes within the principle that a written instrument, although delivered, may be shown by parol to have been subject to a condition which has not occurred. *Eckstrom* v. *Eckstrom*, 327 Mass. 140, 142–143. We also assume in his favor that enough has been alleged to negative acquiescence on his part as a matter of law. See *Streeter* v. *Worcester*, 177 Mass. 29, 31; *Branche* v. *Fitchburg*, 306 Mass. 613, 615. On what is set forth in the petition, there was a "termination" of the petitioner's "employment." The prayer is for reinstatement "to his former position." To be sure, the petition contains the inconsistent allegation that he "has never been discharged from said employment." This does no harm, however, as the particular facts alleged are controlling. The substance of the petition is that the petitioner was illegally removed in the manner alleged from his office or employment classified under the civil service rules of the Commonwealth; and that his removal, which was not by the procedure established in the civil service statute, G. L. (Ter. Ed.) c. 31, occurred on or about July 27, 1950. The petitioner swore to this petition on March 23, 1953, and the date of filing was April 1, 1953.

The respondent contends that the exclusive remedy is that given in G. L. (Ter. Ed.) c. 31, §§ 43, 45, both as amended, by hearing before the appointing authority, hearing before the civil service commission, and judicial review. The petitioner, on the other hand, argues that he was deprived of such remedy, and, in support of his claim of right to bring this petition, relies upon *Henderson* v. *Mayor of Medford*, 320 Mass. 663. We pass this question, as we think that it is too late for the petitioner to proceed by writ of mandamus.

"The supreme judicial court shall have jurisdiction of any petition for a writ of mandamus for the reinstatement of any person alleged to have been illegally removed from his office or employment under this chapter; provided, that such petition shall be filed in said court within six months next following such allegedly illegal removal, unless said court

for cause shown extends the time." G. L. (Ter. Ed.) c. 31, § 46A. This means that "a petition for mandamus to compel reinstatement in a civil service position cannot be maintained as of right unless brought within six months after a removal." *Branche* v. *Fitchburg,* 306 Mass. 613, 615.

The petitioner seeks to avoid the effect of § 46A by asserting that it "appears to be applicable only to those illegal removals made under the procedures" of c. 31, and that the alleged removal of the petitioner was not made under that chapter. But what § 46A refers to is "office or employment under this chapter." Moreover, § 46A "relates only to such petitions for writs of mandamus as previously could have been brought and merely limits the time within which the petitions must be filed." *Lowry* v. *Commissioner of Agriculture,* 302 Mass. 111, 115. This section was originally inserted in the General Laws by St. 1930, c. 243, which was entitled, "An Act limiting the time within which petitions for writs of mandamus may be brought to compel reinstatement of certain persons to positions in the classified civil service." As pointed out in the *Lowry* case (pages 115–116) it was passed following a report of a Joint Special Committee on Civil Service Laws, Rules and Regulations, recommending, "in justice to the taxpayers of any city or town," that a "limitation of six months be set for the bringing of an action for reinstatement in any court by any person who claims that his removal from service is illegal." House Doc. No. 1001 (1930), page 9.

The petitioner states in his brief that the petition is brought under G. L. (Ter. Ed.) c. 249, § 5, as amended. That statute refers only to the Supreme Judicial Court, and concurrent jurisdiction was conferred upon the Superior Court, where this petition was brought, by G. L. (Ter. Ed.) c. 213, § 1A, inserted by St. 1939, c. 257, § 1, as amended. In any event the limitation of § 46A applies.

*Order sustaining demurrer
affirmed.
Petition dismissed.*