REAL J. CHARTRAND *vs.* REGISTRAR OF MOTOR VEHICLES.

Suffolk.     March 3, 1964. — May 8, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Civil Service. Mandamus. Retirement. Limitations, Statute of. Commonwealth,* Employees. *Damages,* Back pay. *Words,* "May."

Upon an appeal under G. L. c. 213, § 1D, from an order for judgment in a mandamus proceeding, with a report of the evidence and a report of material facts, all questions of law, fact, and discretion are open, but findings made by the judge on conflicting testimony are not disturbed unless plainly wrong.   [473]

In a mandamus proceeding by a civil service employee to compel reinstatement in his position after a purported discharge, it was open to the petitioner to base his right to such relief not only on nonconformity by the respondent with the procedures required by G. L. c. 31, § 43 (a), but also on nonconformity by the respondent with the requirements of c. 32, § 16 (2).   [473]

The six months limitation in G. L. c. 31, § 46A, as amended by St. 1959, c. 569, § 5, for bringing a mandamus proceeding to compel reinstatement in a civil service position applies to a claim to such relief based on nonconformity with the requirements of G. L. c. 32, § 16 (2), as well as a claim based on nonconformity with the procedures required by c. 31, § 43 (a).   [474–475]

Where, following discharge of a civil service employee, the appointing authority purportedly revoked the discharge but later, without the employee's knowledge, sent the director of civil service a notice of the discharge and still later sent the employee a notice that he could convert group insurance which would expire after "your termination of employment," the six months period under G. L. c. 31, § 46A, as amended by St. 1959, c. 569, § 5, for bringing a mandamus proceeding for the employee's reinstatement did not commence to run until the time of the group insurance notice informing him by implication that his discharge was being treated as effective by the appointing authority.   [475]

A civil service employee was entitled to reinstatement in his position where it appeared that, after he had been discharged in accordance

with the procedures of G. L. c. 31, § 43 (a), the appointing authority revoked the discharge and thereafter, although purporting to consider the discharge effective, never gave another notice of discharge conforming to § 43 (a), and that the appointing authority failed to comply with the requirements of c. 32, § 16 (2). [475–476]

A civil service employee in the registry of motor vehicles, not appointed by the Governor, was not a "state official" excluded by G. L. c. 32, § 16 (5), from the benefits of that section. [476]

The remedy available under G. L. c. 31, § 46A, as amended through St. 1959, c. 569, § 5, to an improperly discharged civil service employee to secure reinstatement in his position without loss of compensation by complaint to the Civil Service Commission is an alternative, not an exclusive, remedy and does not preclude the employee from securing the like remedy afforded by a mandamus proceeding under G. L. c. 249, § 5, as amended through St. 1949, c. 176. [476–477]

PETITION for a writ of mandamus filed in the Supreme Judicial Court for the county of Suffolk on May 31, 1961, and transferred to the Superior Court.

Following the decision of this court reported in 345 Mass. 321, there was a new hearing of the case by *Chmielinski, J.*

*Nelson I. Crowther, Jr.,* Assistant Attorney General, for the respondent.

*George Michaels* (*Lawrence H. Adler* with him) for the petitioner.

REARDON, J. On May 31, 1961, Chartrand brought a petition for a writ of mandamus to compel the Registrar of Motor Vehicles to reinstate him as an examiner of applicants for motor vehicle licenses without loss of salary. We sustained exceptions to the dismissal of the petition after the first trial. *Chartrand* v. *Registrar of Motor Vehicles,* 345 Mass. 321. After a second trial on an amended petition a judge of the Superior Court ordered the issuance of a writ "directing the . . . [registrar] to reinstate the petitioner to his status as an examiner in the [r]egistry . . . without loss of pay from January 11, 1960." The registrar appealed. The judge filed a report of material facts and the evidence is reported.

Findings made by the trial judge were in part as follows. Chartrand received a permanent civil service appointment on February 28, 1944, and worked continuously thereafter for the Commonwealth. In 1950 he became an examiner at the registry. By January, 1960, he was a member of the

State Employees' Retirement System over the age of fifty-five with more than fifteen years of creditable service. A letter dated January 11, 1960, from Clement A. Riley, then the registrar,[1] informed Chartrand that he was suspended and that a hearing would be held on January 15, 1960, to determine whether he would be ''discharged, removed, transferred or lowered in rank.'' The letter contained charges, reasons for the suspension, and copies of §§ 43, 45, and 46A of G. L. c. 31. The hearing was held by the registrar on January 15, 1960. ''On that same day Riley signed and mailed to the petitioner a letter discharging . . . [him] on the grounds that he had improperly licensed five applicants. . . . Shortly thereafter, and no later than . . . January 18, 1960, Riley had a telephone conversation with [a]ttorney William Coyne who was representing the petitioner. Riley stated in the conversation that he . . . thought his decision to discharge the petitioner was too harsh and asked that the letter of discharge be returned to him. He revoked the discharge. The discharge notice was promptly returned to . . . [the registrar] in accordance with his request.'' Chartrand never requested a further hearing before a member of the Civil Service Commission and no further proceeding ensued save for the present petition. Riley never notified the State retirement board of any decision to discharge Chartrand nor Chartrand of his right to a hearing before that board and accordingly there were no proceedings under G. L. c. 32, § 16. After the registrar revoked his discharge, Chartrand returned to work where he was told that the registrar had no assignment for him at that time but that he should check back later. He did return several times in 1960 but was given no assignment. On May 19, 1960, Riley sent a notice of Chartrand's discharge to the director of civil service purportedly under G. L. c. 31, § 18. Chartrand was not informed of this notice. ''On January 6, 1961, the [r]egistry . . . notified the petitioner that he could convert

---

[1] On June 10, 1963, after the second trial the petitioner filed a motion to substitute as respondent James R. Lawton, the successor in office of Clement A. Riley. The motion was allowed. See G. L. c. 249, § 5. References hereinafter to the registrar will be references to Riley.

his group life insurance . . . which he 'carried as an employee of the Commonwealth . . .' to individual payment coverage and that this group insurance coverage 'expires within 31 days after your termination of employment.' This was the first implied notice to the petitioner that the returned notice of discharge was being treated as final by the [r]egistrar; there was no express notice given to him.''

The trial judge concluded that Chartrand is still an employee of the registry and that the registrar by failing to give him assignments has prevented him from performing the usual services which he has remained ready and willing to perform.

1. Principles applicable to review of equity decrees apply likewise to review of mandamus proceedings. *Hill* v. *Trustees of Glenwood Cemetery,* 323 Mass. 388, 392. *Warner* v. *Selectmen of Amherst,* 326 Mass. 435, 436. G. L. c. 213, § 1D. We have before us a report of evidence and a report of material facts which open for our decision all questions of law, fact, and discretion. We are bound to examine the evidence. The findings of fact made by the trial judge, however, including inferences of fact when dependent upon credibility, are to stand unless plainly wrong. *Willett* v. *Willett,* 333 Mass. 323, 324–325. Compare *Corkum* v. *Salvation Army of Mass. Inc.* 340 Mass. 165, 166–167.

2. Failure on the part of the registrar to observe the procedural directives of the civil service law entitles Chartrand to seek relief by mandamus. *Peckham* v. *Mayor of Fall River,* 253 Mass. 590, 592. *Beaumont* v. *Director of Hosps. & Superintendent of Boston City Hosp.* 338 Mass. 25, 26. Not only may he by this means challenge irregularities under G. L. c. 31, § 43, but, since "full and adequate relief cannot be afforded by resort to some other method of redress" he can also question nonconformance by the registrar with G. L. c. 32, § 16. *Peckham* v. *Mayor of Fall River, supra,* 592.

Chartrand's basic contentions are: (1) the registrar unconditionally rescinded the notice of discharge sent on January 15, 1960, and never thereafter sent another which com-

plied with G. L. c. 31, § 43 (a), as amended by St. 1959, c. 569, § 1;[2] and (2) the registrar never sent to the State retirement board the notice required by G. L. c. 32, § 16 (2), as amended through St. 1958, c. 321, § 20.[3]

3. The respondent argues that the petition was not brought seasonably. General Laws c. 31, § 46A, first paragraph, as amended by St. 1959, c. 569, § 5, reads: "The supreme judicial court shall have jurisdiction of any petition for a writ of mandamus for the reinstatement of any person alleged to have been illegally discharged, removed, suspended, laid off, transferred, lowered in rank or compensation, or whose office or position is alleged to have been illegally abolished under this chapter; provided, that such petition shall be filed in said court within six months next following such allegedly illegal discharge . . . unless said court for cause shown extends the time." Chartrand received his notice of discharge on January 18, 1960. His petition was brought on May 31, 1961. He argues that the six months' limitation applies only to his claim of defective procedure under G. L. c. 31, § 43 (a), as distinct from his claim under G. L. c. 32, § 16 (2). He construes the limitation as applicable solely to claims of procedure ineffectual "under this chapter." G. L. c. 31, § 46A. However, this court, citing legislative history, has construed the limitation in an earlier version of § 46A, St. 1930, c. 243,[4] to apply to *any* petition to reinstate a civil service employee for any reason. *Coyne* v. *City Manager of Cambridge*, 331 Mass. 270, 273. See *Branche* v. *Fitchburg*, 306 Mass. 613, 615.

[2] "Within two days after completion of . . . [the] hearing [held before the registrar on January 15, 1960], the appointing authority shall give to the employee affected a written notice of his decision, stating fully and specifically the reason therefor."

[3] "The removal or discharge of any member in service classified in . . . [groups which include Chartrand] who has attained age fifty-five and has completed fifteen or more years of creditable service . . . shall not become effective unless and until a written notice thereof containing a fair summary of the facts upon which such action was based has been filed with the board [of retirement]."

[4] "The supreme judicial court shall have jurisdiction of any petition for a writ of mandamus for the reinstatement of any person alleged to have been illegally removed from his office or employment under this chapter; provided . . . [the petition is filed within six months following the removal or the time is extended for cause shown]."

The *Coyne* case makes reference at p. 273 to a 1930 report of a Joint Special Committee on Civil Service Laws, Rules and Regulations, which recommended that "a time limitation of six months be set for the bringing of an action for reinstatement in any court by any person who claims that his removal from service is illegal." 1930 House Doc. No. 1001, p. 9. The 1959 amendment of § 46A sought only to expand upon the phrase "illegally removed from his office or employment," and no intention appears to change the interpretation given to the statute by the *Coyne* case.

In the first *Chartrand* case we said that the six months' period would start to run when "Chartrand knew or should have known that his discharge was being treated as final and effective . . . ." *Chartrand* v. *Registrar of Motor Vehicles*, 345 Mass. 321, 328.

The testimony was in conflict relative to the January 18, 1960, conversation between Mr. Coyne and Riley.[5] On that conflicting evidence the judge found that the revocation of the discharge was not conditional. See *Chartrand* v. *Registrar of Motor Vehicles*, 345 Mass. 321, 326. It follows that Chartrand's failure to secure a transfer did not create a condition revitalizing the discharge.

While the notification of discharge sent by the registrar on May 19, 1960, to the director of civil service indicates that Riley thought the discharge final as of that date, Chartrand was not apprised of it and hence the six months' period provided for in G. L. c. 31, § 46A, did not begin to run on that date. The first notice of a discharge to Chartrand was the letter sent to him by the registry on January 6, 1961, informing him of the termination of the group life insurance which he carried as a State employee. Not before that day did the six months' period begin to run. His petition was thus brought seasonably.

4. Following the cancellation of the notice of discharge which Chartrand received after the January 15, 1960, hearing, he has never received another notice conforming with G. L. c. 31, § 43 (a) (see fn. 2, *supra*). We are not called

---

[5] We held in the earlier opinion that Chartrand could testify as to the content of this conversation which he overheard. 345 Mass. 321, 325.

upon to decide whether a notice of discharge sent after January 18, 1960, could have been effective without a new hearing. The letter of January 6, 1961, while informing Chartrand that he was no longer being regarded as a State employee, contained no statement of reasons for the registrar's decision to discharge him. This failure to comply with the statute entitled Chartrand to reinstatement. See *Beaumont* v. *Director of Hosps. & Superintendent of Boston City Hosp.* 338 Mass. 25, 26.

5. It is undisputed that the registrar never sent a notice of discharge to the State retirement board in conformance with G. L. c. 32, § 16 (2) (see fn. 3, *supra*). Under that provision the failure to transmit to the board a written notice "containing a fair summary of the facts" which resulted in the discharge rendered the discharge ineffective.

6. The respondent argues that the hearing and review provisions of G. L. c. 32, § 16, do not apply to Chartrand by virtue of § 16 (5): "The provisions of this section relative to the right of any member to a hearing or to the right of review by the district court shall not apply in the case of the removal or discharge of any state official or of any official of any political subdivision of the commonwealth for which provision is otherwise made in any general or special law . . . ." But Chartrand is not a "state official" because he was not "appointed by the governor to a position in the service of the commonwealth . . . ." G. L. c. 32, § 1. See G. L. c. 90, § 29; *Welch* v. *Contributory Retirement Appeal Bd.* 343 Mass. 502, 510.

7. Finally, we consider whether the trial judge had power to restore Chartrand to his position without loss of compensation. "The present petition is governed by the statute relating to petitions for writs of mandamus generally. G. L. (Ter. Ed.) c. 249, § 5." *Lowry* v. *Commissioner of Agriculture,* 302 Mass. 111, 121. As amended by St. 1949, c. 176, G. L. c. 249, § 5, now provides in part that "[i]f the petitioner prevails, his damages, including any salary or wages to which the petitioner may be entitled, shall be assessed . . . ." The petitioners in the *Lowry* case and in

*Henderson* v. *Mayor of Medford,* 320 Mass. 663, brought suit under the earlier form of the statute prior to that amendment which permits assessment of salary or wages. The first paragraph of G. L. c. 31, § 46A, inserted by St. 1930, c. 243, and amended by St. 1959, c. 569, § 5, serves only to impose a six months' statute of limitations on actions governed in other respects by G. L. c. 249, § 5. The second paragraph of § 46A, inserted by St. 1959, c. 569, § 5,[6] by use of the word "may," provides not an exclusive, but rather an alternative, administrative remedy to the judicial recourse of G. L. c. 249, § 5, to the employee who seeks reinstatement without loss of pay for procedural violations of G. L. c. 31, § 43 (a).

8. It follows that Chartrand is entitled to be restored to his post as examiner in the registry as of January 11, 1960, and is entitled also to a sum equal to all his back pay since that date. The order for the issuance of a writ of mandamus is affirmed. The amount due to Chartrand from the Commonwealth from January 11, 1960, with costs, shall be assessed in the Superior Court.

*So ordered.*

---

[6] "If any person alleges that his employment or compensation has been affected by action of the appointing authority in failing to follow the requirements of . . . [G. L. c. 31, § 43], he may file a complaint with the civil service commission within seven days, exclusive of Saturdays, Sundays and holidays, after the said action has been taken . . . . [T]he said commission may order the said appointing authority to restore immediately said person to his employment without loss of compensation or other rights."