JOSEPH H. BROOKS *vs.* REGISTRAR OF MOTOR VEHICLES.

Suffolk.    December 11, 1972. — January 23, 1973.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Civil Service.    Mandamus.    Limitations, Statute of.    Words,* "Extend."

The provision of G. L. c. 31, § 46A, as amended, that a petition for a writ
of mandamus for the reinstatement of any person alleged to have been
illegally discharged from a civil service office or employment shall be
filed within six months next following such discharge unless the court
"for cause shown extends the time" was applicable to bar a petition
for the writ filed more than six months after the petitioner's discharge
pursuant to allowance by the court of a motion for an extension of
time filed on the same day as the petition. [79-81]

PETITION for a writ of mandamus filed in the Superior
Court on May 2, 1969.

The case was heard by *Dwyer, J.*

*James F. Freeley, Jr.,* for the plaintiff.

*Walter H. Mayo, III,* Assistant Attorney General (*John
F. McGarry,* Assistant Attorney General, with him), for the
defendant.

KEVILLE, J.    This is a petition for a writ of mandamus.
The original petition was filed in the Superior Court on
May 2, 1969. It was prefaced by the petitioner's motion,
filed and allowed on that day, for an extension of time in
which to file the petition. A demurrer was sustained to the
original petition. We have before us a substitute petition
filed by leave of court on January 29, 1970. It is here on
appeal from the allowance of a motion to dismiss for lack of
jurisdiction and from an order for judgment dismissing the
petition.

The petitioner seeks reinstatement to his former position in the Registry of Motor Vehicles. The question for decision is whether in the circumstances the court lacked jurisdiction to entertain the petition under the provisions of G. L. c. 31, § 46A, as appearing in St. 1959, c. 569, § 5. That section provides in pertinent part that "[t]he supreme judicial court shall have jurisdiction of any petition for a writ of mandamus for the reinstatement of any person alleged to have been illegally discharged . . . provided, that such petition shall be filed in said court within six months next following such allegedly illegal discharge . . . unless said court for cause shown extends the time."[1]

The judge found that the petitioner was suspended from the Registry of Motor Vehicles on June 9, 1964, that he was officially discharged on June 16, 1964, that he received actual notice of his suspension and discharge at that time, and that no extension of time in which to file a petition for a writ of mandamus was requested or granted by leave of court within six months of the date of discharge, viz., prior to December 16, 1964.

We perceive no error. Not having filed his petition within six months following his discharge and not having obtained within that period an extension of time within which to file the petition, the petitioner could not thereafter properly file the petition. *Coyne* v. *City Manager of Cambridge,* 331 Mass. 270. In that case where the petition was filed thirty-three months after discharge as compared with nearly sixty months in the instant case, the court held that it was too late for the petitioner to proceed by mandamus.

In the *Coyne* case the Supreme Judicial Court considered the legislative history of G. L. c. 31, § 46A, which was inserted in the General Laws by St. 1930, c. 243. The statute was enacted pursuant to the report of a Joint Special Committee on Civil Service Laws, Rules and Regulations, 1930 House Doc. No. 1001. The Report with respect to § 46A reads as follows: "LIMITATION OF ACTIONS.

---

[1] Under G. L. c. 213, § 1A, the Superior Court has concurrent jurisdiction with the Supreme Judicial Court to hear such petitions.

The Committee further recommends that a time limitation of six months be set for the bringing of an action for reinstatement in any court by any person who claims that his removal from service is illegal. An action was, in 1928, brought by a man against the city of New Bedford, seeking reinstatement because of his having been removed, in 1925, illegally, from a position in the city service, and the Supreme Judicial Court ordered him reinstated with full pay from the date of his removal. The Committee feels that a period of six months is all that should be allowed for the bringing of such an action, in justice to the taxpayers of any city or town."

The draft legislation accompanying this report (Appendix L.) is entitled: "An Act defining and limiting the jurisdiction of the supreme judicial court relative to petitions for writs of mandamus to compel reinstatement of certain persons to positions under the classified civil service." The text, substantially the same as the statute as enacted, contains the identical concluding phrase "unless said court for cause shown extends the time."

"To extend means to stretch out or to draw out or to enlarge a thing. It implies something in existence. Extend is a transitive verb, requiring an object. The object of the extension in the statute is the [time period]. The [time period] having elapsed, there is nothing to extend." *Schlosser Leather Co.* v. *Gillespie,* 157 Tenn. 166, 167. In our view, the report and the language of the statute reveal a legislative intent that jurisdiction be limited to petitions brought within six months from the date of discharge or within an extension of time granted within that period. A construction which would permit a petition to be filed by virtue of an extension granted after the six months' period had expired would defeat the purpose of the statute.

The case of *Crimmins* v. *Highway Commn. of Brockton,* 304 Mass. 161, upon which the petitioner relies, is distinguishable. There the question of jurisdiction was not raised by the respondent and the court elected to decide the case against the petitioner on other grounds.

The statute limiting the time for filing bills of exceptions,

G. L. c. 231, § 113, as amended through St. 1945, c. 328, and that imposing various time limitations for the preparation of papers and the payment of costs on appeal, G. L. c. 231, § 135, contain provisions similar to that in G. L. c. 31, § 46A.[2] It is significant that they have been similarly strictly construed, requiring that extensions must be allowed within the time period set forth in the statute. See *Raymond Coughlin Elec. Co. Inc.* v. *Spear Constr. Corp.* 350 Mass. 407, 409; *State Realty Co. of Boston, Inc.* v. *MacNeil Bros. Co.* 334 Mass. 294, 297.

> *Allowance of motion to dismiss and order for judgment dismissing petition affirmed.*

---

[2] General Laws, c. 231, § 113, requires that "exceptions shall be . . . filed with the clerk . . . in civil cases tried by a jury, within twenty days after the verdict is rendered, and in cases tried without a jury, within twenty days after the notice of the decision has been received, unless further time is allowed by the court."

General Laws, c. 231, § 135, (after reciting the various time limitations) provides that "[t]he court in which the case is pending, or any justice or judge thereof, may, for cause shown after hearing, extend the time for doing any of the acts required by this paragraph."