MARY I. LEITE *vs.* COMMISSIONER OF MENTAL HEALTH & another. February 18, 1976. There was no error in the order dismissing this petition for a writ of mandamus under G. L. c. 31, § 46A, which was entered and appealed from before July 1, 1974. See G. L. c. 213, § 1D, as in effect prior to St. 1973, c. 1114, § 202. The judge's finding that the

plaintiff knew of the termination of her employment "at least" by November 14, 1972, was not, as contended in the plaintiff's brief, based exclusively on documentary evidence. It obviously rested on a combination of a letter signed by her attorney bearing that date and oral evidence of the plaintiff's knowledge of the letter's content and significance at that time. Compare *Colbert* v. *Hennessey,* 351 Mass. 131, 134 (1966). The finding was not plainly wrong and must therefore stand. *Chartrand* v. *Registrar of Motor Vehicles,* 347 Mass. 470, 473 (1964). *Powers* v. *Building Inspector of Barnstable,* 363 Mass. 648, 650 (1973). That being the case, her petition was brought more than six months after she "knew or should have known that h[er] discharge was being treated as final and effective." *Chartrand* v. *Registrar of Motor Vehicles,* 345 Mass. 321, 328 (1963). *S. C.* 347 Mass. 470, 475 (1964). The Superior Court was then without jurisdiction to entertain it. *Coyne* v. *City Manager of Cambridge,* 331 Mass. 270, 272-273 (1954). *Brooks* v. *Registrar of Motor Vehicles,* 1 Mass. App. Ct. 78, 79-80 (1973).

*Order dismissing petition affirmed.*
*Judgment for the defendants.*

*John H. O'Neil* for the plaintiff.
*Paula R. Rosen,* Assistant Attorney General, for the Commissioner of Mental Health & another.