RICHARD G. VRABEL *vs.* MAYOR OF SOMERVILLE & another.[1] March 4, 1982. Ten days after he took the oath of office on June 12, 1972, as a police officer in Somerville, and, indeed, on his first day of regular duty, the plaintiff, Vrabel, did not report for his shift. Instead, he admitted himself to the Veterans' Administration Hospital in Jamaica Plain for treatment of what the trial judge in her findings describes as "emotional illness and nervous disorder." The next day, the plaintiff's wife, from whom he was estranged, telephoned the Somerville police to notify them of her husband's hospitalization and to request that someone from the department pick up her husband's equipment. Inquiries with the hospital and with Mrs. Vrabel by Vrabel's superior officer, Lieutenant Letendre, about what exactly was the matter with him, yielded no information. Vrabel called Lieutenant Letendre in August, 1972, to say that he was ready to report for duty and was told (after Letendre consulted with his chief) that he was no longer a police officer in Somerville. The plaintiff was not discharged from the hospital until December, 1972, at which time he consulted a lawyer. An attempt by the plaintiff to obtain an interview with the chief of police to discuss his status was unavailing and an interview in June, 1973, with the mayor of Somerville resulted in no information or action. The plaintiff never received a written communication from the city informing him that his employment had been terminated; nor, for his part, did Vrabel ever write to the city to advise it of his hospitalization or to request a leave of absence. What follows in this

---

[1] The police chief of Somerville.

opinion is based on the pertinent civil service statutes in effect from June, 1972, to May, 1974. By St. 1978, c. 393, § 11, the chapter in the General Laws relating to civil service, c. 31, was recodified and a completely revised c. 31 was inserted in the statutory scheme.[2]  Accordingly, this opinion is of limited applicability. Cf. *Canney* v. *Municipal Court of the City of Boston*, 368 Mass. 648, 650 n.2 (1975).

1. The Superior Court had subject matter jurisdiction over the controversy, which was brought under G. L. c. 231A. While generally an action claiming wrongful discharge from a civil service position must be brought within six months next following the alleged illegal act, G. L. c. 31, § 46A, as appearing in St. 1959, c. 569, § 5,[3] the provisions of that section were expressly made inapplicable "to any person who has been reported as on unauthorized absence." G. L. c. 31, § 43(j), inserted by St. 1971, c. 179, § 4. Compare *Coyne* v. *City Manager of Cambridge*, 331 Mass. 270, 272-273 (1954); *Leite* v. *Commissioner of Mental Health*, 4 Mass. App. Ct. 781, 782 (1976). Proceedings before the Civil Service Commission under G. L. c. 31, § 43(b), as amended through St. 1970, c. 72, § 2, and in the District Court under § 45, as appearing in St. 1970, c. 711, were similarly closed to the plaintiff by § 43(j). In those circumstances, a complaint seeking a declaration of the plaintiff's status was appropriate. *Canney* v. *Municipal Court of the City of Boston*, 368 Mass. at 655. Compare *Chartrand* v. *Registrar of Motor Vehicles*, 345 Mass. 321, 327-328 (1963).

2. The trial judge found correctly that the plaintiff's absence was unauthorized, i.e., "an absence from work for a period of more than fourteen days for which no proper notice has been given." G. L. c. 31, § 1, inserted by St. 1971, c. 179, § 1. See also *Canney* v. *Municipal Court of the City of Boston, supra* at 656. The scanty information conveyed by Vrabel's wife to the city that he was hospitalized did not inform the city with reasonable particularity as to what it might expect from him in the future. See *Manchester* v. *Selectmen of Nantucket*, 335 Mass. 156, 158-159 (1956). No leave of absence was requested conformably with G. L. c. 31, § 46E, as amended through St. 1969, c. 45, § 6.

3. Under G. L. c. 31, § 18, as amended by St. 1971, c. 179, § 3, Vrabel was entitled to a written statement informing him that he was permanently and voluntarily separated from the police service in Somerville. Such a notice would have laid a foundation for Vrabel to take steps to vindicate whatever rights he might have had. *Canney* v. *Municipal Court of the City of Boston, supra* at 653. A lawful discharge is not conditioned on fulfilling the statutory requirement of notifying the Director of Civil Serv-

---

[2] St. 1981, c. 767, §§ 10-23, recently amended portions of c. 31, none of which are pertinent to this discussion.

[3] See now G. L. c. 31, § 42, as amended by St. 1979, c. 196.

ice (under recodification a like notice would go to the Personnel Administrator of the Division of Personnel Administration) that the discharge has occurred. *Thibeault* v. *New Bedford,* 342 Mass. 552, 558 (1961). *Chartrand* v. *Registrar of Motor Vehicles,* 345 Mass. at 325. The hiring authority, however, may not neglect to notify the very target of the discharge. We are bemused by the dogged unwillingness of the police department and other officials in Somerville to take minimal steps over a period of two years to protect the city's interest. Instead, it appears that the city chose to pretend that the plaintiff did not exist. Good sense and a modicum of concern for the taxpayers of Somerville require that we reject the plaintiff's demand that he be paid, indeed reinstated, until the city gets around to informing him in writing that he is discharged for being absent without leave. If it was not clear to the plaintiff that he had been discharged when the police chief refused to see him in early 1973, it must have been clear when he had his fruitless interview with the mayor in June, 1973. When a person has actual notice he cannot continue to insist on defects in notice. See *Milton* v. *Massachusetts Bay Transp. Authy.,* 356 Mass. 467, 471 (1969). Cf. *Conte* v. *School Comm. of Methuen,* 4 Mass. App. Ct. 600, 605 (1976).

Accordingly, the plaintiff is to receive as compensation an amount equal to the base salary that he would have received from June 22, 1972, through June, 1973, together with statutory interest thereon. The last two paragraphs of the judgment shall be modified in accordance with this opinion.

*So ordered.*

*Robert H. Clewell* for the plaintiff.
*Margaret M. Melican,* Assistant City Solicitor, for the defendants.